## HAWAIIAN COMMERCIAL AND SUGAR COMPANY
### *v.* KAHULUI RAILROAD COMPANY.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED APRIL 7, 1898.          DECIDED JUNE 9, 1898.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE STANLEY, IN
PLACE OF JUDD, C.J., DISQUALIFIED.

Defendant had long been in undisturbed possession of a railroad track over complainant's land; complainant, having long maintained a private railroad track to its warehouse near defendant's track, recently extended its track across defendant's track and then brought a bill in equity to enjoin defendant from tearing up the newly laid track, to command defendant to quit the land on which its own track was laid, to declare this track a fixture and for damages for continuing trespasses, relying for equity upon "irreparable injury," want of a "plain, adequate and complete remedy at law" and "multiplicity of suits." Held, the bill was properly dismissed on demurrer.

OPINION OF THE COURT BY FREAR, J.

This is a suit in equity. The bill alleges in substance that complainant, a foreign corporation, is the owner of certain lands on the Island of Maui, known as Wailuku Commons, being part of the Ahupuaa of Wailuku,—Crown Lands until 1882; that while the same were Crown Lands the predecessors in interest of

defendant, a domestic corporation, without authority of law or legal right entered thereon and laid a railroad track over the same beginning at a point in the town of Kahului and running thence southwesterly and that ever since then the said predecessors and the defendant have continued without authority of law or legal right to maintain said track; that complainant, in the pursuit of its sugar and merchandise business, ships over 25,000 tons of freight a year to and from the harbor of Kahului and has for many years owned and operated a private railroad upon its lands from its plantation headquarters at Spreckelsville to its warehouse in Kahului and has deemed it advisable to continue its track from said warehouse to the water front, and in so doing it became necessary to cross defendant's said track which complainant did in a careful manner and at a time when it did not interfere with the running of defendant's cars over its track (one of the affidavits annexed to the bill shows this to have done in the night time); that defendant threatens to tear up complainant's said track and crossing; that if it does so, complainant will be irreparably injured; that complainant has no plain, speedy, adequate and efficient remedy at law; that it will, but for relief in equity, be compelled to institute divers actions at law, to wit, an action of ejectment to recover the lands unlawfully occupied by defendant, actions for damages for the various and continuing trespasses in maintaining defendant's track and actions for damages for interfering with complainant's said track and crossing if defendant shall do so.

The main prayers of the bill are (1) for an injunction restraining defendant from removing any portion of complainant's said extension of its track or interfering with its said crossing; (2) for a decree commanding defendant to quit and surrender all its track laid on complainant's lands and adjudging the same to be a fixture; (3) for damages for the alleged trespasses.

Defendant demurred to the bill on the following grounds:

"1.    That it is not sworn to as required by the rules of this Honorable Court.

"2.   That the facts therein stated do not constitute a cause of action.

"3.   That said complaint does not show that any irreparable injury is threatened to the plaintiff.

"4.   That the complaint is ambiguous, unintelligible and uncertain.

"5.   That the plaintiff has a plain, adequate and complete remedy at law.

"6.   That several causes of action have been improperly united.

"7.   That a perpetual injunction is sought where there is a controversy as to the legal rights.

"8.   That it appears by the bill that the plaintiff is seeking an injunction against a defendant in possession."

The Circuit Judge sustained the demurrer and dismissed the bill; from his decree the complainant appeals.

The relief prayed for in the second and third prayers above set forth is such as would ordinarily and naturally be sought through actions at law—ejectment or trespass.   If this were the only relief sought it is clear that the bill could not be sustained. There would be a plain, adequate and complete remedy at law. If equity could entertain a bill for such relief primarily, for what relief could it not entertain a bill?   What would be left exclusively for the law courts?

It is equally clear that the bill cannot be sustained to avoid a multiplicity of suits.   A single action of ejectment and for mesne profits, with possibly a second action of trespass for tearing up the track, would seem to be all that would be required at law,— both suits between the same parties and each for a different matter.   Certainly no showing is made that a multiplicity of suits, as that phrase is understood in equity, would be necessary. If this is a case of "multiplicity of suits" then what case is not?

The bill must stand, if at all, upon the theory of irreparable injury and the first prayer.   If complainant had not already laid its track across defendant's track but were merely about to

do so and had brought the bill to prevent interference by defendant, the bill could not be sustained. The fact that defendant had been in peaceable possession for at least sixteen years would be sufficient for requiring complainant to first try its alleged rights at law. Equity could not in such case deprive defendant in whole or in part of its possession by preventing it from resisting complainant's entering and taking possession whether exclusively or in common with defendant. The right in such case should first be determined at law, where there would be a plain, adequate and complete remedy. Moreover, there would in such case be no presumption of irreparable injury—from the mere fact that complainant could not at once extend its road. The long existing status would be preserved. There is no special allegation from which irreparable injury could be inferred. The general allegation of irreparable injury in the bill is not sufficient under the circumstances without other special allegations to support it.

Is the case different because complainant has actually laid its track? The right may still be tried at law. The general allegation of irreparable injury is still insufficient by itself. There are still no other allegations from which irreparable injury can be inferred. If complainant had been operating its railroad over defendant's track for a considerable period, especially if it had done so with defendant's acquiescence, the case might be different. Equity might interfere to preserve the existing status—at least until the rights could be determined. But here it appears or may be inferred that defendant has long been in undisturbed possession and that complainant has but just laid its track and that against defendant's consent. The status to be preserved is rather that which has long existed than that which has just been created and that by complainant itself and under the circumstances of this case. It is not even shown that complainant has yet begun to use its extension of track or that it has any wharf or other facilities for shipping its freight at the water front or that it has ceased or cannot continue shipping its freight in the manner in which it has done

so in the past. The most that can be inferred is that it may be delayed in the further construction of its track and the construction of a wharf by not being allowed to carry materials for the same on its track across defendant's track. But equity can hardly interfere with the long continued possession of the defendant in order to enable complainant to carry out a change of plans, until the right is determined at law. It is true, the defendant is alleged to be a mere trespasser, but it has been in undisturbed possession with complainant's knowledge many years and apparently claims a right or at least disputes complainant's right. It is not ordinarily the place of equity to settle legal rights under such circumstances.

The decree appealed from, dismissing the bill with costs, is affirmed.

*A. S. Hartwell* for complainant.
*Kinney & Ballou* for defendant.