# F. WUNDENBERG, TRUSTEE, *v.* GEORGE MARKHAM.

## APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED MARCH 11, 1902.　　　　　DECIDED APRIL 7, 1902.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

Ordinarily a court of equity will not enjoin the commission of a trespass upon land, when the title has not been tried at law; but if the acts or threatened acts are such as to cause irreparable injury, an injunction, at least pending legal proceedings for the determination of the title, will be granted.

The facts stated in the bill held not to constitute a case of irreparable injury.

An injunction will not be used to take property out of the possession of one party and put it into that of another.

Where the injury apprehended from a trespass or threatened trespass is not serious nor in its nature irreparable, but the main object of the suit is to settle the title, a court of equity ought not to interfere by injunction, even if the respondent be insolvent.

### OPINION OF THE COURT BY PERRY, J.

Appeal from a decree sustaining a demurrer and dismissing the bill on the ground that the complainant has a plain, speedy and adequate remedy at law. The bill avers that one J. H. Cummings has for several months last past been in possession of certain premises described and that such occupation was without right or claim of right on Cummings' part; that on November 21, 1901, complainant removed Cummings' goods and chattels from the premises and took exclusive possession of such premises; that thereafter, on the same day, respondent together with Cum-

mings, who acted as his servant, entered and took and held forcible possession of the premises and excluded complainant therefrom, though respondent has no right, title or interest in or to the land or right to the possession thereof; that the respondent's only claim is under a pretended deed, a suit for the cancellation of which has been instituted; that even if the deed is valid, respondent has no right of possession; that complainant has agreed to lease the premises to one Mendonca and put the latter in possession on November 21, 1901; that respondent has ejected Mendonca, that the latter demands of the complainant to be placed in quiet possession and in the meantime refuses to pay the rent agreed upon; that the buildings on the premises are in a dilapidated condition, that it is necessary to make immediate repairs in order to prevent a forfeiture of the lease under which complainant holds and that the lessor has threatened to enforce forfeiture for breach of the covenant to repair; and that respondent is a person without property and pecuniarily irresponsible and unable to respond in damages for the injury caused. The prayer is that respondent be enjoined from going upon the premises and from interfering with plaintiff therein.

The jurisdiction in equity is sought to be sustained on the grounds of irreparable injury and insolvency of the respondent. Ordinarily a court of equity will not enjoin the commission of a trespass upon land, when the title has not been tried at law; but if the acts or threatened acts of the respondent are such as to cause irreparable injury, an injunction at least pending legal proceedings for the determination of the title, will be granted because adequate redress cannot be had at law. *Ehrardt v. Boaro*, 113 U. S. 537; *Barr v. Trades Council*, 53 N. J. Eq. 101; 2 Story Eq. Jur., § 928. In our opinion, however, the facts stated in the bill do not make out a case of irreparable injury. Possession of the land, as also damages for its detention, can be recovered in an action of ejectment; and even if a forfeiture of the lease is enforced against the complainant and such forfeiture is caused by the wrongful acts or negligence of the respondent, the loss to the complainant is capable of ascertainment in terms of

money and judgment for the amount of such loss may be recovered at law. Moreover the complainant in this case not only has not tried his title at law but, upon his own showing, is and for several months last past has been out of possession. Respondent is in possession. Under these circumstances, equity will not interfere. "The plaintiff was out of possession when he instituted this suit, and by the prayer of this bill he attempts to regain possession by means of the injunction asked for. In other words, the effort is to restore the plaintiff, by injunction, to rights of which he had been deprived. The function of an injunction is to afford preventive relief, not to redress alleged wrongs which have been committed already. An injunction will not be used to take property out of the possession of one party and put it into that of another."—*Lacassagne v. Chapuis*, 144 U. S. 119, 124. See also Spelling on Injunctions, § 368.

As to the insolvency of the respondent. The authorities on this subject are not uniform. Many expressions are to be found in decisions to the effect that equity will enjoin the commission of a trespass where the trespasser is insolvent, this on the theory that a judgment at law will not under the circumstances furnish adequate redress. These expressions are generally *dicta*, found either in cases where the injunction was granted on some other ground, as, for example, of irreparable injury or to avoid a multiplicity of suits, or in cases where the injunction was refused. In some instances, however, they are actual decisions. On the other hand it has been held, and we think it to be the better rule, that the insolvency of the respondent is not of itself sufficient ground for an injunction to restrain an ordinary trespass, although in connection with other circumstances that fact may be given great weight in determining the exercise of the discretion of the court. "The irresponsibility of the party is doubtless one element to be weighed in these cases, but it is not decisive. * * * Where the injury apprehended is not serious nor in its nature irreparable, but the main object of a suit would be to settle the title, a court of equity, we think, ought not to interfere by injunction, even if the defendant be insolvent."—

*Morgan v. Palmer*, 48 N. H. 336. The main issue between the parties in the present case being as to the title, and the object of the suit being to transfer the possession and no irreparable injury being shown, we think that the mere fact of the respondent's insolvency is not sufficient to warrant interference by injunction.

The decree appealed from is affirmed.

*J. A. Magoon & T. I. Dillon* for complainant.

*G. A. Davis* for respondent.