TERRITORY OF HAWAII, BY C. S. HOLLOWAY, SUPERINTENDENT OF PUBLIC WORKS OF THE TERRITORY OF HAWAII, *v.* MELLIE E. HUSTACE, FRANK HUSTACE, HER HUSBAND; TERRITORIAL HOTEL COMPANY, A CORPORATION; ALEXANDER YOUNG, TRUSTEE; BATHSHEBA M. ALLEN; AND MARK P. ROBINSON, JOSEPH O. CARTER, PAUL MUHLENDORF AND BATHSHEBA M. ALLEN, TRUSTEES OF THE ESTATE OF S. C. ALLEN.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED OCTOBER 6, 1909.                    DECIDED OCTOBER 11, 1909.

HARTWELL, C.J., WILDER AND PERRY, JJ.

INJUNCTION—*obstruction in highway.*

> Where title in land claimed as a public highway is also claimed
> by defendants equity will not enjoin an obstruction of its use
> for a highway, there being no "strong and imperious necessity"
> in the case until the title is adjudicated at law.

OPINION OF THE COURT BY HARTWELL, C.J.

This is an appeal from a decree sustaining defendants' demurrer and dismissing the plaintiff's bill. The demurrer that the bill is uncertain and does not state facts sufficient to constitute "a cause of action," is general in its nature, to be treated as a demurrer for want of equity. *Love v. Commissioners,* 64 N. C. 706; *Chesney v. Rodgers,* 1 Heiskell (Tenn.) 239; 1 Beach, Eq. Pr., 271; 1 Daniell, Ch. Pr. 5 ed., 586. We therefore do not pass upon the defect suggested in argument, namely, that acts or conduct are not specified which constitute dedication of a public highway.

The bill alleged that in April, 1880, King Kalakaua became owner of the strip of land in question and in January following, while its owner, and in its possession, control and occupation, "dedicated the same to the public to be used as a public highway between the said Waikiki road and the sea beach, the said strip or parcel of land was then and there designated as Kaiulani road;" that thereafter from the year 1891 until about November, 1893, the road was recognized by the government and was continuously used by the general public as a public highway; that November 20, 1893, defendant Frank Hustace quitclaimed to Peacock, predecessor in interest of the defendant Hotel Co. and Young, trustee, a certain portion of the land and about the same time he and his wife, the defendant Mellie E. Hustace, excluded the public from any use of the road and caused fences to be erected across the road and obstructed it and prevented its use as a highway, while Pea-

cock, assuming to claim under the quitclaim from Hustace, constructed fences and other structures within that portion of the road described in the quitclaim deed and thereby prevented its use as a public highway, which fences and other structures were, at the time of the filing of the bill and for sometime previous had been, maintained by the Hustaces, the Hotel Co. and Young, trustee, and constitute a public nuisance, the other defendants claiming as mortgagees of that portion of the road not included in the part quitclaimed to Peacock. The bill was brought May 29, and the demurrers filed Jan. 7, June 26 and August 7, 1906, the decree appealed from being taken August 23, 1909.

An insuperable difficulty in the plaintiff's case is that the title to the land claimed as a public highway is also claimed by the defendants and requires to be adjudicated at law, the plaintiff's case not being "one of strong and imperious necessity," having stood for many years without assertion of claim by the Territory. *McBryde Sugar Co. v. Koloa Sugar Co.,* 19 Haw. 106, 118. See also *Wundenberg v. Markham,* 14 Haw. 168; *Erhardt v. Boaro,* 113 U. S. 537; *Lacassagne v Chapuis,* 144 U. S. 119, and Spelling on Injunctions, § 368.

The decree appealed from should, however, be modified so as to provide that the bill is dismissed without prejudice.

*Lorrin Andrews, Deputy Attorney General (C. R. Hemenway, Attorney General,* with him on the brief), for plaintiff.

*A. S. Humphreys (Holmes, Stanley & Olson* with him on the brief) for defendants.