MRS. ANTONE MORANHO *v.* HENRY DE AGUIAR.

No. 1223.

ERROR TO CIRCUIT COURT THIRD CIRCUIT.
HON. J. W. THOMPSON, JUDGE.

ARGUED NOVEMBER 4, 1919.          DECIDED DECEMBER 15, 1919.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE FRANKLIN
IN PLACE OF COKE, C. J., ABSENT.

DEEDS—*rules of construction—favoring validity.*

> An instrument intended to operate as a deed should so operate if it is not legally impossible for it to do so.

TENANCY IN COMMON—*Hawaiian hui—shareholders are tenants in common.*

> The members of a Hawaiian land *hui* are tenants in common of its lands in proportion to their respective ownership of shares.

OPINION OF THE COURT BY KEMP, J.

This case comes to this court upon writ of error to the circuit court of the third judicial circuit. The defendant below seeks to have reviewed the judgment of the circuit court in favor of the plaintiff in an ejectment case. The land in question is known as lot No. 11 of the hui land of Holualoa and is fully described in the complaint. The case was submitted in the circuit court by stipulation of

the parties upon an agreed statement of facts, the essential features of which are as follows: On June 16, 1911, plaintiff, being the owner of three shares in the hui land of Holualoa 1 and 2, sold one-half of one share to John R. Costa; on March 16, 1916, said Costa executed a deed to the defendant Henry de Aguiar conveying to him the one-half share which had been conveyed to him by the plaintiff; subsequent to the deed from plaintiff to Costa and prior to the deed from Costa to de Aguiar the hui lands of Holualoa were by decree of the circuit court of the first judicial circuit partitioned among the various holders of shares in said hui who had been made parties to said proceeding but neither the said Costa nor the said de Aguiar was made a party to said partition proceeding; by said partition decree the plaintiff Mrs. Antone Moranho was awarded three tracts of land representing three shares in said hui, one of said tracts being lot No. 11 involved in this suit; John R. Costa went into possession of lot No. 11 upon the date of his purchase of said one-half share from the plaintiff in June, 1911, and remained in possession thereof until the date of his deed to the defendant when the defendant went into possession of said lot and has ever since held possession thereof. The circuit judge held that a deed of a share in a hui conveyed no title to the land and that therefore the defendant Costa acquired no title in the land by the deed from plaintiff and could convey none by his deed to the defendant de Aguiar.

Counsel for the plaintiff admit that the circuit judge in this conclusion was partly in error, the extent of their admission being that the conveyance of a share in a hui conveys an interest in the land and that the deed from the plaintiff to Costa conveyed to him an undivided one-sixth of the plaintiff's interest in the hui lands, and that he thereby became a tenant in common with her and other members of the hui. The plaintiff's further contention in

this regard is that the hui of Holualoa went out of existence upon the date of the partition decree and that the plaintiff and Costa ceased to own undivided interests in the hui land and that the plaintiff became the owner in severalty of the three lots of land awarded to her, including the land in dispute. They admit, however, that unless Costa lost title to the land by failing to intervene in the partition suit he became a tenant in common with the plaintiff in the three lots set off to her in the proportion of one-sixth and five-sixths. We are aware of no rule of law by which one can be deprived of his title in land by a judgment rendered in a cause to which he was not a party and cannot therefore adopt the suggestion that Costa lost his title by failing to intervene in the partition proceeding. Having admitted this much they seek to sustain the decision of the circuit judge on the ground that the deed from Costa to de Aguiar was a nullity because on that date there was no hui of Holualoa in existence and that the deed purporting to convey a share in the hui, which was nonexistent on the date of the deed, would be entirely inoperative. It is elementary that an instrument intended to operate as a deed should so operate if it is not legally impossible for it to do so. This rule applies even though the instrument is indefinite and admits of two constructions and an interpretation which will give the deed force will be adopted in preference to one which will make it of no effect. Where the conveyance cannot operate in one form it will be held to operate in that form in which by law it will effectuate the intention of the parties. (18 C. J. 256.) The deed from Costa to de Aguiar purports to convey "all of a certain one-half share in the hui land of Holualoa in Holualoa, district of North Kona, County and Territory of Hawaii, said one-half share being the same sold to the said party of the first part by Mrs. Antonia I. Moranho by deed

dated June 16, 1911, and recorded in the Registry of Conveyances in Honolulu in Liber 442 at pages 272 and 273."

The deed in question has not been skilfully drawn but the only objection to it is the manner in which the property thereby conveyed is described. It purports to convey all of a certain one-half share in the hui land of Holualoa purchased from the plaintiff and refers to the deed from the plaintiff to the grantor in said deed. The intention of the parties to this deed as gathered from the instrument itself was undoubtedly to convey to the defendant such rights as the grantor therein had in the lands formerly held by the hui of Holualoa and this effect we think should be given to said deed. This being true the defendant de Aguiar became a tenant in common with the plaintiff to the same extent that his grantor Costa was a tenant in common. "Each tenant in common is equally entitled to the use, benefit, and possession of the common property, and may exercise acts of ownership in regard thereto, the limitation of his right being that he is bound to so exercise his rights in the property as not to interfere with the rights of his cotenant. It follows that a tenant in common of land has no right to use force and violence to exclude his cotenant from entry on the common property, even though such entry be with the purpose of doing an act that may be tortious; and neither an action at law nor in equity can ordinarily be maintained between cotenants for the exclusive possession of the common property or for the sole enjoyment of the profits thereof, even though the one in possession refuses to deliver sole possession to his cotenant, or defendant forcibly took it from plaintiff's possession; if a tenant in common desires to have sole and exclusive possession of his interest in the common property he can only seek his remedy in partition." 38 Cyc. 17-19.

The plaintiff's remedy in this case was not an action in

ejectment but if she desires to obtain possession of her interest in the lands in question her remedy is by partition.

The defendant's assignments of error to the decision and judgment of the court are sustained and the judgment of the circuit court is reversed and the cause remanded.

*I. M. Stainback* (*W. H. Beers* with him on the brief) for plaintiff in error.

*A. G. M. Robertson* (*Robertson & Olson* on the brief) for defendant in error.