J. K. SMYTHE, MANUEL SEBASTINE SANTOS, WILLIAM F. POGUE, FRED WILHELM AND WILLIAM SMYTHE, PRESIDENT, VICE-PRESIDENT, TREASURER, SECRETARY AND AUDITOR, RESPECTIVELY, OF THE HUI KUAI AINA O PEAHI, v. J. TAKARA, ALSO KNOWN AS J. TAKADA, G. M. MAALO AND THE BALDWIN NATIONAL BANK OF KAHULUI, MAUI, T. H.

No. 1314.

J. K. SMYTHE, MANUEL SEBASTINE SANTOS, WILLIAM F. POGUE, FRED WILHELM AND WILLIAM SMYTHE, PRESIDENT, VICE-PRESIDENT, TREASURER, SECRETARY AND AUDITOR, RESPECTIVELY, OF THE HUI KUAI AINA O PEAHI, v. J. TAKARA, ALSO KNOWN AS J. TAKADA, G. M. MAALO AND THE BALDWIN NATIONAL BANK OF KAHULUI, MAUI, T. H.

No. 1315.

APPEALS FROM CIRCUIT JUDGE SECOND CIRCUIT.
HON. L. L. BURR, JUDGE.

ARGUED MAY 17, 1921.                    DECIDED MAY 24, 1921.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE FRANKLIN IN PLACE OF EDINGS, J., ABSENT.

APPEAL AND ERROR—*interlocutory appeal.*
    After allowing an interlocutory appeal the court below should stay its hand until that appeal is perfected and determined in the appellate court.
PARTIES—*general rule in equity.*
    It is a general rule in equity that all persons materially inter-

ested, either legally or beneficially, in the subject-matter of a suit are to be made parties to it either as plaintiffs or defendants, however numerous they may be, so that there may be a complete decree which will bind them all. .

SAME—*same*—*exceptions to the rule.*

To this rule there are certain exceptions, one of which is that where the parties interested in the suit are numerous and it would not be feasible without great inconvenience to make all of them parties a few may sue for themselves and all others similarly situated.

OPINION OF THE COURT BY COKE, C. J.

The petitioners appellants, above named, filed in the circuit court of the second judicial circuit a bill for discovery and avoidance of a lease. The respondents interposed thereto a plea in abatement in which it was alleged that the petitioners were not interested in the subject-matter of the cause and therefore could not maintain the suit. The circuit judge sustained the plea in abatement but allowed the petitioners an interlocutory appeal. Before the time for perfecting the interlocutory appeal had expired the court below entered a final decree dismissing the petition. The petitioners thereupon appealed from the final decision and have perfected both the interlocutory and final appeals. The two appeals, being presented to this court, were by order duly made consolidated and will be heard jointly.

After allowing the interlocutory appeal the circuit court should have stayed its hand until that appeal was disposed of in the appellate court and it is surprising that the impropriety of the action of the circuit court in entering a final judgment in the cause pending the perfection and determination of the interlocutory appeal did not occur to the judge of the court below. But as the appeal from the final decree is now before us in case No. 1315 and the record therein presents for final disposition the

questions raised by the interlocutory appeal in case No. 1314 we will not further notice the interlocutory appeal but will confine ourselves to the appeal from the final decree.

The Hui Kuai Aina o Peahi is an Hawaiian hui the members of which own as tenants in common a tract of land situated at Peahi on the Island of Maui. The members of the hui appear to have organized by adopting a constitution and by-laws and have created an executive committee to manage the affairs of the hui or association. The petitioners herein constitute the executive committee. Articles 21 and 23 of the constitution and rules of the hui prohibit the leasing of any of the lands of the association except by the executive committee thereof subject to the approval of not less than two-thirds of the shares of the association. It appears from the allegations in the bill of complaint that G. M. Maalo, the owner of a number of the shares of the hui, without the knowledge or consent of the executive committee and in defiance of the rules of the association executed a lease of two tracts or parcels of land of the common property containing an area of about 63 acres to the respondent Takara, the leasehold being thereafter by the lessee mortgaged to the respondent the Baldwin National Bank of Kahului. The purpose of the suit is to have a decree nullifying the lease and mortgage and for a restoration of the leased premises to the members of the hui.

The sole question involved in the appeal challenges the correctness of the decision of the lower court holding that the petitioners cannot maintain the suit.

The appellants concede, as they must, that the hui itself is not a legal entity (*Re Taxes Hui of Kahana*, 21 Haw. 676, 678) and therefore can neither sue nor be sued and that the petitioners bringing this suit are not proceeding as officers of the hui but as representatives

of a majority of the members thereof. It is not alleged that the petitioners are part-owners in the cotenancy or otherwise interested in the hui except as officers thereof. Their only right to prosecute this action is contained in paragraph 12 of their bill which sets forth that at the meeting of the hui held in March 1919, at which more than two-thirds of the shares of the association were present, the petitioners were authorized by a majority of the shares represented at such meeting and by a majority of all the shares in said association to bring such proceedings as "may be necessary to protect the rights of the members of said association in and to said lands and to recover from said J. Takara, also known as Takada, the possession of the lands of the said association taken and held by him as hereinabove set forth." While those voting undoubtedly attempted to clothe the petitioners with authority to proceed against the respondent Takara their action was in no wise binding upon the other members of the hui and it is very clear that they could not thus confer upon any person or set of persons authority to institute the suit in their behalf and ignore the other parties in interest.

It is a general rule in equity that all persons materially interested, either legally or beneficially, in the subject-matter of a suit are to be made parties to it either as plaintiffs or defendants, however numerous they may be, so that there may be a complete decree which will bind them all. To this rule there are certain exceptions, one of which is that where the parties interested in the suit are numerous and it would not be feasible without great inconvenience to make all of them parties a few may sue for themselves and all others similarly situated. Story's Eq. Pl. 9 ed. Sec. 107; *Supreme Tribe of Ben-Hur v. Cauble,* decided by the Supreme Court of the United States March 7, 1921; *Smith* v. *Swormstedt,* 16 How.

288, 303; *Beatty v. Kurtz*, 2 Pet. 566; *Lilly* v. *Tobbein*, 103 Mo. 477, 488. But the petitioners herein have not by any allegation in their bill of complaint brought themselves either within the rule or within the exception thereto. It is true that in the prayer of the bill they ask that "they may be permitted to bring and prosecute the proceeding as the officers, directors and members of the executive committee of said Hui Kuai Aina o Peahi for and on behalf of all the members thereof whose interests are not in conflict therewith." This does not aid them in the least, first for the reason that under the rules of equity pleading the matters contained in the prayer of the bill do not determine the sufficiency thereof, and for the further reason that the petitioners if permitted to maintain the suit at all may not do so as officers of the hui but they can only maintain it as parties interested in the subject-matter of the suit for themselves and all others in the same class under a proper allegation that the parties are numerous and cannot be joined without great inconvenience, etc.

For these reasons the decree of the lower court dismissing the bill of complaint is affirmed.

*S. W. Fitzherbert* (*Smith, Warren & Stanley* on the brief) for petitioners.

*E. Vincent* and *J. W. Kalua* for respondents submitted the case upon the brief.