# EMMA WAAL *v.* CHINGIRO SAKAGI AND Y. YOSHIKAWA.

## No. 1470.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

SUBMITTED NOVEMBER 7, 1923.          DECIDED NOVEMBER 19, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

EQUITY—*jurisdiction—ejectment bill.*

A bill in equity is not the proper means to recover possession of land, there being no fraud in the case or other matter specially the subject of equitable cognizance and such a bill cannot be used in place of an action of ejectment. A proceeding which is in form a suit in equity for an injunction to restrain the obstruction of a way, but which is in its essence an action to try the title to the easement and to eject the respondent, cannot be sustained as a proceeding in equity and it is the duty of this court *sua sponte*, in the absence of objection by the appellant, to recognize the fact of the lack of jurisdiction and give it effect.

OPINION OF THE COURT BY PERRY, J.

This is a suit in equity. The main allegations of the bill are: that the complainant is the owner in fee simple of a certain piece of land described by metes and bounds; that on said premises are sixteen houses owned by the complainant and used and occupied by lessees of the complainant; that the respondent Sakagi "claims to be the lessee" of a certain parcel of land adjoining that of the complainant and situate between the latter and a public street known as Park street; that for ten years and more prior to the institution of the suit complainant and her predecessors in title and those under her "have had, possessed and used a certain easement and right of way over and across" the land claimed by Sakagi as lessee; that

the right of way referred to constitutes "the only possible and available means of access" from the complainant's land to Park street and from Park street to the complainant's land; that Sakagi "notwithstanding the existence of the aforesaid right of way and easement appurtenant to the said premises of your orator and the uninterrupted use of the said right of way and easement * * * for a period of more than ten years * * * has recently advised your orator that he has made a contract with the respondent Yoshikawa for the erection of a building or buildings on and over the aforesaid easement and right of way * * * and has threatened and is now proceeding * * * to erect a building or buildings on and over the above described right of way and has threatened to block, obstruct and close up said right of way and is now proceeding to close the same and has already partly closed, blocked and obstructed the same *. * * notwithstanding the demand of your orator that the said respondents and each of them refrain and desist from closing, obstructing or blocking the same"; that the complainant "has made repeated demands upon the said respondents that they and each of them refrain and desist from closing, obstructing or blocking said right of way * * * but that they the said respondents have nevertheless proceeded and are now proceeding to block, obstruct and close the said right of way * * * in the manner hereinabove set forth" and that unless the respondents are restrained by injunction from proceeding with the blocking of the way the complainant and those under her will be wholly deprived of access to the street. The prayer is for an injunction restraining the blocking of the way. A temporary injunction was granted *ex parte* and subsequently the respondents filed a motion for its dissolution "for the reason that it affirmatively appears from the bill of complaint in this cause that this court in equity was and is

without jurisdiction to issue said temporary restraining order for the reason that the right of complainant herein to an easement or right of way through the premises named in said complaint has not been established at law." This motion was denied. The respondents thereupon demurred to the bill upon the ground, among others, that "it affirmatively appears from said complaint that this court in equity is without jurisdiction to hear and determine the matters and things set out in said bill of complaint and to grant the relief prayed for or any relief." The demurrer was overruled. In their answer the respondents alleged ignorance as to the state of the complainant's title to the piece of land upon which stood the sixteen houses; admitted that the sixteen houses were used and occupied by lessees of the complainant; admitted that Sakagi "claims to be the lessee" of the land adjoining that of the complainant and situate between it and Park street; denied the adverse user of the way as alleged in the bill; denied that "complainant had the right of way over the premises of said respondent, Chingiro Sakagi, to Park street;" admitted that the respondents "intended to erect a building on and over the property upon which complainant claims an easement and right of way;" admitted that the complainant had made repeated demands upon the respondents that they refrain and desist from obstructing the way and that the respondents, nevertheless, had proceeded and were now proceeding to block, obstruct and close the way and alleged that "if they had not been restrained by an order of this court from completing the building, then under course of construction, said building would have entirely covered the premises over which the complainant claims an easement and right of way." Without further objection on the part of the respondents as to absence of jurisdiction, trial

was then had upon the issue of title by adverse user and a decree was rendered granting a permanent injunction.

It will be unnecessary to consider whether the very allegations of the bill showed that while in form it was a suit in equity it was in essence an action of ejectment to try the title to the alleged easement and to eject the respondents from the way claimed or whether upon this theory the demurrer should have been sustained. The answer certainly places it beyond any doubt that the issue between the parties was purely one as to the title to the easement and that although in form this is a suit in equity it is in reality an action of ejectment to secure the removal of the respondents and their building from the alleged way. The complainant in her bill alleges that she is the owner of this right of way and that she acquired it by adverse user for more than ten years. The respondents in their answer deny that there is any such easement appurtenant to her land and that the complainant ever acquired one by adverse user. The respondents admit in their answer that when enjoined they were erecting a building which was intended to cover and would have covered the whole of the alleged way and asserted that if the temporary injunction had not been issued they would have completed the erection of this building. The only issue left was as to the title to the easement. The court of equity had no jurisdiction to try this issue and the respondents are entitled to have it tried at law before a jury. The proceeding is devoid of any equitable features. It is true that when, as in *Kuala* v. *Kuapahi,* 15 Haw. 300, the "case is not without traces of equity jurisdiction" or when, as it is sometimes expressed, "the case is not wholly foreign to equity jurisdiction" or "when it is not on its face such that equity could have no jurisdiction over it" or "when the defect is a want of equity and not a want of power" or "when equity is competent to grant

the relief sought and has jurisdiction of the subject matter", the objection of an adequate remedy at law is deemed to be waived and comes too late when made in the appellate court for the first time; but it is equally well settled that when the suit is "practically an ejectment bill to recover the possession of land" the appellate court may and should *sua sponte* reverse the decree below and direct a dismissal of the bill even though the objection of absence of jurisdiction was not raised by demurrer, plea or answer or suggested by counsel. *Kuala* v. *Kuapahi, supra,* p. 302; *Lewis* v. *Cocks,* 23 Wall. 466, 470; *Allen* v. *Pullman's Palace Car Co.,* 139 U. S. 658, 662; *McConnell* v. *Prov. S. L. A. Soc.,* 69 Fed. 113, 115, and *Williams* v. *Fowler,* 201 Pa. St. 336. It cannot be said, without qualification, that in this instance the objection of want of jurisdiction was not at any time raised in the court below. It was raised upon the motion to dissolve the restraining order and also by demurrer. Perhaps it should have been further raised and insisted on by objections to the evidence and in the final argument on the merits. In this court argument was presented in support of the demurrer but no reliance was placed by the appellants upon the point as disclosed by the bill and answer. However, we feel that we cannot overlook the absence of jurisdiction and, therefore, that the appeal should be sustained, the decree reversed and the cause remanded for such further proceedings as may be proper not inconsistent with this opinion.

*Smith & Wild* for complainant.

*Lightfoot & Lightfoot* for respondents.