## SARAH E. BROWN *v.* IOPA KAAHANUI AND JANE DOE KAAHANUI, HIS WIFE.

### No. 1749.

### APPEAL FROM CIRCUIT JUDGE SECOND CIRCUIT. HON. D. H. CASE, JUDGE.

SUBMITTED APRIL 27, 1927.                    DECIDED MAY 11, 1927.

### PERRY, C. J., BANKS AND PARSONS, JJ.

EQUITY—*parties—non-joinder.*

> In equity all persons who have an interest in the subject-matter of a suit with respect to its object and whose interests may be affected by the decree are necessary parties to said suit and should be joined either as parties plaintiff or as parties defendant thereto, unless sufficient grounds are shown for their non-joinder.

INJUNCTION—*by tenant in common—to restrain interference by cotenants.*

> Injunction will not lie at the suit of a tenant in common to restrain interference by cotenants with petitioner's use, occupa-

tion and cultivation of the common property where the injunction is not ancillary to other relief and where the essence of the proceeding is to try title or right of possession or to restore possession to the petitioner or to eject the respondents from property so occupied and cultivated by petitioner.

SAME—*pleading—insolvency.*

Allegation of impecuniosity in conflict with special allegations of complaint held insufficient to charge insolvency of respondents.

SAME—*same—general allegation of irreparable injury.*

General allegation of irreparable injury to the petitioner without special allegation supporting the same, in the absence of other equitable ground for relief, is insufficient, upon demurrer, to sustain a bill for an injunction.

OPINION OF THE COURT BY PARSONS, J.

This case is before us upon petitioner's appeal from the rulings and decree of the judge of the second circuit court, whereby respondents' demurrer to petitioner's bill, entitled "Bill to Stay Waste and for Injunction," was sustained and the petitioner's bill was dismissed with costs.

Petitioner's complaint alleges in effect, among other things, that petitioner is the owner of an undivided 7/46 of the lands of the hui of Keopukapaiole situate in the district of Puuohoku, Island of Molokai, County of Maui, and that the respondents claim to be the owners of an undivided 3/46 of said hui lands, said ownership of petitioner and respondents being based on their respective ownership of shares in said hui, the total number of shares being 46; that the petitioner and the Sarah E. Brown Trust have for a period of more than ten years last past fenced, occupied, improved and cultivated approximately forty acres of said hui lands with the knowledge of and without protest from the owners, including the respondents, of any of the remaining shares of said hui; that on or about November 20, 1926, the

respondents entered upon said forty acres then enclosed, occupied and cultivated by the petitioner, destroyed portions of the fence enclosing the same, enclosed or attempted to enclose by a fence certain portions of said land, and trampled, damaged and destroyed the growing crop of pineapples on the land theretofore enclosed by petitioner's fence, thereby committing waste upon that portion of said hui lands under the use and control of petitioner.

The complaint further alleges in effect that at divers times respondents have threatened the petitioner, her agents and employees with great bodily harm and have caused the petitioner to fear for the safety of herself and her agents and employees and all of her personal property situated upon said lands and lands adjacent thereto; that respondents further threaten to eject petitioner, her agents and employees from said lands and to fence off, enclose and remove from her control the portion of said hui lands upon which the crops and improvements belonging to her are situated; that petitioner is the owner of all of the crops now growing upon the aforesaid portion of said lands and all of the buildings and improvements thereon and that said crops, buildings and improvements are of the approximate value of $10,000.

The complaint further alleges in effect that the petitioner has no adequate remedy at law, that the damages threatened are irreparable and, upon information and belief, that the respondents are impecunious persons and unable sufficiently to respond to a judgment at law. Petitioner avers that she is ready and willing to pay such amount as to the trial judge may seem just and fair for the use of said lands to such person or persons as such judge may deem entitled thereto. The petitioner prays "(1) that the respondents be required to appear and answer this complaint in the manner prescribed by

law; (2) that upon a full, fair and impartial hearing of this said cause that the respondents herein be ordered to allow petitioner to occupy and cultivate said lands without any interference from said respondents; (3) that until the final determination of this cause the said respondents be restrained by order of this court from in any manner interfering with the occupation and cultivation by petitioner of the said lands herein described; (4) and for such other and further relief as to this court may seem meet and just and agreeable to good conscience and equity."

The demurrer is based upon three grounds, namely, (1) that there is a non-joinder of parties; (2) that the petitioner has a plain and adequate remedy at law, and (3) that the petitioner's bill for an injunction does not state facts sufficient to entitle the petitioner to the relief prayed for.

The decision of the trial judge sustained the demurrer upon all of the grounds therein set forth, dissolved the temporary restraining order theretofore issued in said cause and, upon respondents' motion for living and traveling expenses and counsel fees incurred in the dissolution of said order, after proof, allowed $73.20 and $150, respectively, for said items, together with the amounts theretofore approved in the respondents' bill of costs. The questions presented by the demurrer are considered in the order therein named.

(1) Does the complaint disclose a non-joinder of parties?

"All are necessary parties who have an interest in the subject matter which may be affected by the decree." 21 C. J., title "Equity," §255. See *Wilson* v. *Castro,* 31 Cal. 420. "All persons interested in the subject-matter of a suit, with respect to its object, are necessary parties to the suit." *Howth* v. *Owens,* 29 Fed. 722, 724.

Following a familiar rule this court has held: "It is a general rule in equity that all persons materially interested, either legally or beneficially, in the subject-matter of a suit are to be made parties to it either as plaintiffs or defendants, however numerous they may be, so that there may be a complete decree which will bind them all." *Smythe* v. *Takara,* 26 Haw. 69, 72. To the foregoing rule are exceptions, in certain events, none of which are set forth in the bill of complaint in the case at bar and which therefore need not be discussed in this opinion.

The complaint is entitled a "Bill to Stay Waste and for Injunction" but the prayer for special relief does not fully sustain the title. The primary relief asked is that the respondents "be ordered to allow petitioner to occupy and cultivate said lands without any interference from said respondents" and incidentally that a temporary restraining order against interference by respondents with the occupancy and cultivation of said lands by petitioner be issued *pendente lite*. The stating part of the bill among other things avers the commission by the respondents of acts which are therein designated as acts of waste and the bill contains a prayer for general relief under which, in a proper case, waste could be enjoined, but the injunction specially asked is not an injunction against waste. The whole purpose of the bill as disclosed by the prayer for special relief seems to be to continue the petitioner in the possession of the forty acres therein described without interference on the part of the respondents. The owners of the land are not all disclosed but the fact is disclosed that the petitioner is the owner of an undivided 7/46 and that the respondents claim to be the owners of an undivided 3/46 of the same, and that said ownership is based upon ownership of seven and three shares, respectively, in said hui, the

total number of said shares being 46. The petitioner
is therefore a tenant in common of said lands together
with the other shareholders in said hui. *In re Taxes Hui
of Kahana,* 21 Haw. 676; *Scott* v. *Pilipo,* 24 Haw. 277;
*Moranho* v. *De Aguiar,* 25 Haw. 267; *Foster* v. *Kaneohe
Ranch Co.,* 12 Haw. 363; *Smythe* v. *Takara,* 26 Haw. 69.

The *subject* of the suit in the case at bar is (1) the
said forty acres of land and (2) the crops, buildings
and improvements thereon. The tenants in common are
all shown to be interested in the land and the complaint
alleges that the petitioner is the owner of the crops,
buildings and improvements. Title to the land by ad-
verse possession, to the exclusion of the other tenants in
common, is not claimed by the petitioner. On the con-
trary petitioner recognizes that they have rights in the
premises by offering to do equity to the extent of paying
for the use and occupation of said land whatever amount
the court may deem just, to the persons found to be
entitled thereto. The chancellor in the instant case is
therefore asked to make a ruling affecting the owners'
rights as to each of the two matters last above named,
and as to each of them every one of the tenants in com-
mon of said land is interested.

The *object* of the suit, as above set forth, is the con-
tinued occupancy and cultivation of said lands by the
petitioner without interference on the part of the re-
spondents, who claim without denial on the part of the
petitioner to be part owners of the same. In the object
as well as in the subject of the suit all the owners of
the land have an interest. The owners of the land, being
interested in both the subject and the object of the con-
troversy and in the relief prayed, were indispensable
parties thereto. Petitioner has set forth no reason for
omitting them and the omission in the circumstances

named rendered the bill demurrable for non-joinder of parties.

(2) Respondents' second ground of demurrer is in effect that the allegations set forth in the bill of complaint show that the petitioner has a plain and adequate remedy at law. In our view herein expressed, that the demurrer is sustainable upon grounds numbered 1 and 3, it is unnecessary to consider whether or not an action on the case for waste, an action of trespass or any action at law to try title or right of possession would be maintainable by the petitioner against the respondents upon the facts alleged in the bill of complaint; and for the same reason it is unnecessary to consider, in the event that said action would lie, whether or not the remedy therein afforded would be plain, adequate and complete. To sustain the allegation of the inadequacy of the legal remedy and to show equitable jurisdiction the petitioner has averred that the respondents are impecunious persons who cannot respond to a judgment at law and that petitioner will be irreparably damaged unless the respondents are restrained from interfering with her occupancy and cultivation of said lands. The question of the sufficiency or insufficiency of these averments is considered in the following division of this opinion.

(3) Does the bill of complaint state facts sufficient to entitle the petitioner to the relief prayed? It has been stated as a general rule that "injunctions are but rarely granted to restrain a cotenant from exercising control over the joint property. To authorize an injunction it must appear either that the defendant is insolvent and will therefore be unable to indemnify the complaining cotenant, or that the act sought to be enjoined will effect a partial or entire destruction of the estate." Freeman on Cotenancy and Partition, §323, p. 379.

The allegations of irreparable injury to the petitioner and impecuniosity of the respondents, as shown in the recital hereinabove set forth, are general allegations and are not only not supported by specific averments but are in conflict with the facts disclosed by the bill. While the bill alleges impecuniosity of the respondents it also alleges that the respondents claim (and the claim is not shown to be disputed) an undivided 3/46 interest in the hui land, forty acres of which have been occupied and cultivated for more than ten years by the petitioner under circumstances which impel the petitioner to offer to pay to the owners of said land a reasonable rental therefor. Except as above set forth the complaint does not disclose that the portion of the rentals thus due the respondents would be insufficient to compensate petitioner for the damage done by respondents.

Said this court in *Wundenberg* v. *Markham,* 14 Haw. 167, on page 169: "As to the insolvency of the respondent. The authorities on this subject are not uniform. Many expressions are to be found in decisions to the effect that equity will enjoin the commission of a trespass where the trespasser is insolvent, this on the theory that a judgment at law will not under the circumstances furnish adequate redress. These expressions are generally *dicta,* found either in cases where the injunction was granted on some other ground, as, for example, of irreparable injury or to avoid a multiplicity of suits, or in cases where the injunction was refused. In some instances, however, they are actual decisions. On the other hand it has been held, and we think it to be the better rule, that the insolvency of the respondent is not of itself sufficient ground for an injunction to restrain an ordinary trespass, although in connection with other circumstances that fact may be given great weight in determining the exercise of the discretion of the court.

'The irresponsibility of the party is doubtless one element to be weighed in these cases, but it is not decisive.   *   *   *   Where the injury apprehended is not serious nor in its nature irreparable, but the main object of a suit would be to settle the title, a court of equity, we think, ought not to interfere by injunction, even if the defendant be insolvent.'—*Morgan* v. *Palmer,* 48 N. H. 336."

As to irreparable injury.   Quoting from *Yoshimasu* v. *Venhuizen,* 27 Haw. 292, on page 296: "Equity will not take jurisdiction unless the damages are irreparable. A trespass and a threatened trespass will not be enjoined in the absence of irreparable damages or other distinctly equitable ground for interference.  *Wundenberg* v. *Markham,* 14 Haw. 167.   *   *   *   Not even to stay waste is an injunction granted unless it appears that the injury would be irreparable.  *McCandless* v. *Lee Chew,* 16 Haw. 530, 534."

As to the insufficiency of a general allegation of irreparable injury the following quotation from *H. C. & S. Co.* v. *Kahului R. Co.,* 11 Haw. 440, 443, applies to the case at bar: "There is no special allegation from which irreparable injury could be inferred.  The general allegation of irreparable injury in the bill is not sufficient under the circumstances without other special allegations to support it."

The allegations of the complaint that the respondents have destroyed portions of petitioner's fences and that they have enclosed or attempted to enclose portions of the lands and have trampled the crops formerly within the petitioner's enclosure leave in doubt the question as to which party is now in possession of the lands thus charged, under a *continuando,* to be enclosed or attempted to be enclosed by the respondents.  If the petitioner is seeking to have her right of possession as

against any of her cotenants judicially determined, injunction is not the proper remedy to effect that purpose. "Where a complainant's right is doubtful or his title is in dispute a perpetual injunction cannot be obtained until the doubt is removed by a proper proceeding and the right made certain." 32 C. J. 35. *Burroughs* v. *Dallas,* 276 Fed. 812. If the petitioner is not in possession an injunction will not be granted in order to effect a change of possession. *Yoshimasu* v. *Venhuizen,* 27 Haw. 292, 296, citing *Wundenberg* v. *Markham,* 14 Haw. 167. By analogy the opinion in *Waal* v. *Sakagi,* 27 Haw. 609, is applicable to the facts in the case at bar. In *Waal* v. *Sakagi* this court held that a proceeding which is in fact a suit in equity for an injunction to restrain the obstruction of a way but which is in its essence an action to try title to an easement and to eject the respondent cannot be sustained as a proceeding in equity.

It has been held that courts of equity may interpose by injunction to protect the corpus of an estate pending partition or other determination of rights. *Bradley* v. *Reed,* Fed. Cas. No. 1785; *Obert* v. *Obert,* 5 N. J. Eq. 397; *Twort* v. *Twort,* 16 Ves. Jr. 128, 33 Eng. Repr. 932. And it has been further held that in partition allowance may be made for improvements to the realty by one of several tenants in common (*Ballou* v. *Ballou,* 94 Va. 350) and that in such a proceeding rents and profits may be set off against improvements (*Davis* v. *Chapman,* 36 Fed. 42), but these questions are not before us. This is not a suit for partition, nor is a suit for partition nor an action at law requiring ancillary equitable relief alleged to be pending or in prospect. No equitable grounds for the issuance of an injunction having been shown the respondents' demurrer was properly

sustained upon ground numbered 3 as well as upon ground numbered 1.

As to the allowance of counsel fees and costs. It has been definitely established in this jurisdiction that counsel fees as well as costs and other charges or damages paid or sustained to obtain a dissolution of a restraining order are damages directly and proximately resulting from the issuance of the injunction and are recoverable; and such damages may be assessed and awarded in equity, it being within the sound discretion of the circuit judge as to whether or not in each particular case he will himself dispose of the matter or leave the parties to an action at law. *Young Chun* v. *Robinson,* 21 Haw. 193. The allowance of $150 counsel fees and $73.20 for traveling and living expenses was based upon evidence taken before the trial judge and is not shown to have been unreasonable or excessive.

The decree appealed from is affirmed.

*Robertson & Castle* and *A. E. Jenkins* for petitioner.

*E. Vincent* for respondents.