KAOPUA *et al. vs.* RUTH KEELIKOLANI.

IN EQUITY. BEFORE ALLEN, C.J.

OCTOBER, 1874.

All persons legally or beneficially interested in the subject matter of an equity suit should be made parties.

The heirs of a decedent being interested in the case, but unknown: held, that probate proceedings should be instituted to ascertain who they are, before decree in the equity suit.

The Court will not take jurisdiction where it is apparent on the record that it cannot proceed to final judgment and execution.

Demurrer sustained for non-joinder of parties.

DECISION OF ALLEN, C.J.

This is a demurrer to the bill for non-joinder of parties. It is alleged in the bill that Nahua's heirs are interested in the case, but that they are unknown.

The general rule in equity is that all persons legally or beneficially interested in the subject matter of a suit should be made parties. But there are exceptions when this rule may be dispensed with, and the question is, does this case come within the exception? All these exceptions are governed by the same principle, and that is, to accomplish the purposes of justice between the parties; but, as Mr. Justice Story says, the Court will not, by its endeavors to do justice between the parties before it, risk the doing of positive injustice to other parties not before it whose claims are, or may be, equally meritorious.

One of the exceptions is founded upon the utter impracticability of making the necessary parties, as when the party is out of the jurisdiction.

It is said by counsel that it is impossible for the complainant to make Nahua's heirs parties by name, unless by instituting probate proceedings. This can be done, he says, as well after the necessity of a decree is established as now. But if parties are necessary, they should be made so, that they may have all

the advantages of protecting their rights in the progress of the case. It is not pretended that they are not within the jurisdiction.

It is admitted by the counsel that the decree cannot be carried out, the names of Nahua's heirs being unknown, and, as it is contended, it would be a very unusual proceeding to grant a decree for or against persons unknown to the record.

I take the principle to be a sound one that the Court will not take jurisdiction of a case where it is apparent on the record that they cannot proceed to final judgment and execution. Demurrer sustained.

*A. S. Hartwell*, for complainant.

*R. H. Stanley*, for defendant.

October 1, 1874.

N.B.—The case is reported in full in 5 Hawn., 675.