## JOHN McKEAGUE *vs.* M. NEISSER, *et al.*

### IN EQUITY. BEFORE JUDD, C.J.

### FEBRUARY, 1884.

A corporation, named as grantee in a deed, held to be a necessary party defendant in a suit to cancel the deed: the fact that it is a foreign corporation, not registered under our laws, makes no difference.

It must be alleged that the deed is in Defendant's possession or that the claims an interest in it.

Where one agreement refers to another of even date as an additional consideration: some averment disposing of the latter agreement should be made in the bill.

### DECISION OF JUDD, C.J.

The bill prays, among other things, for the cancellation of a certain indenture dated the 30th of June, 1882, between J. McKeague of the first part and "the Heeia Sugar Plantation Company, a corporation organized and existing under the laws of the State of California, U. S. A., and carrying on business at Heeia, Koolaupoko, Island of Oahu, as cultivator and manufacturer of sugar and other products of sugarcane, of the second part," by which the property constituting the Heeia Plantation is sold to the said company.

Fraud is alleged on the part of the defendant M. Neisser and that the said indenture was delivered to him upon certain promises never fulfilled, and that it was by defendant put of record.

Also that the said Heeia Sugar Plantation Company was organized and incorporated for deceitful and fraudulent purposes and to impose upon and defraud the orator, and that said company is a foreign corporation and has failed to file with the Minister of the Interior the required designation of a suitable person and place where and upon whom legal process can be served, and has not in other respects complied with the requirements of the statute in such case made and provided to enable said corporation to take hold and convey real estate. Also that the said Neisser and his confederates, not having paid the orator any consideration for the sale of the said plantation, have ejected him therefrom and that said Neisser is now in possession of same, etc.

The bill is demurred to by the defendant Neisser on the ground that the Heeia Sugar Plantation Company, a corporation therein named, is a necessary party to the bill.

Also that the bill seeks to obtain a decree against the defendant to deliver the deed of the 30th June, 1882, for cancellation, whereas it is not alleged that the deed is in the possession or control of the defendant or that he has or claims any interest in said deed.

It is a fundamental rule in equity that the rights of no man can be finally decided in a Court of Justice unless he has had a

full opportunity to appear and vindicate his rights. Story's Eq. Jur. Sec. 72.

It is equally true that all persons materially interested in the subject matter of a suit, are to be made parties to it so that there may be a complete decree, which shall bind them all. *Id.*

Applying these principles, the Heeia Sugar Plantation Company, being named as the grantee in the deed plaintiff now seeks to have cancelled, is a necessary party. But it is urged by plaintiff that the company has not complied with our laws and so it cannot hold real estate and has no rights to be affected by the decree. This Court cannot decide this question in advance of the proof. Enough is set out in the bill to show that the company was incorporated in California and that it is the grantee in the deed attacked. It must have an opportunity of setting up whatever equities it may have, and I think the bill is demurrable for this reason.

As to the other ground of demurrer, that the deed is not alleged to be in the possession or control of defendant Neisser, or that he claims or has any interest in same, I think such allegations are necessary in order that a complete decree may be made against him.

The remaining ground of demurrer is that the agreement of April 9th, 1881 (Exhibit B.) refers to another agreement of even date as an additional consideration, but the bill does not set it out or refer to it. I think that good pleading would require some averment disposing of this agreement; if the orator is ignorant of it or if it was never executed, he should say so; or if it was executed and it is not in his possession and he is unacquainted with its contents, he can so allege. If it was not referred to in the agreement exhibited, as part of the consideration, it could be left to the defendant to plead it if he chose.

Demurrer sustained. The bill may be amended and answered in fourteen days.

*J. M. Davidson,* for plaintiff.

*P. Neumann & E. Preston,* for defendant Neisser.

Honolulu, February 12, 1884.