EMMALINE M. MAGOON, J. A. MAGOON, her husband;
    NANCY L. McSTOCKER and F. B. McSTOCKER, her
    husband; JULIA H. JOHNSTONE and ARTHUR
    JOHNSTONE, her husband; ALICE LILIAN HUTCH-
    INSON, BESSIE R. AFONG, CAROLINE B. AFONG,
    HELEN G. AFONG, ALBERT F. AFONG (minor),
    MARTHA M. AFONG (minor), MELAINE B. AFONG
    (minor), HENRY F. AFONG (minor), minors appearing
    by L. A. DICKEY, Guardian *ad litem, v.* JULIA C.
    AFONG, MARIA K. HUMPHREYS *nee* AFONG, and
    A. S. HUMPHREYS, her husband, and W. F. ALLEN,
    Trustee.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 24, 1896.            DECIDED JULY 9, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

Tne Circuit Judge having sustained a demurrer to a bill in equity
    for want of necessary parties and on other grounds, this court,
    sustaining the ruling as to necessary parties, sends the case back
    to the Circuit Judge for amendment as to parties, and without
    prejudice to the new or the present parties to further appeal after
    hearing on the other grounds upon which the Circuit Judge sus-
    tained the demurrer.

OPINION OF THE COURT BY JUDD, C.J.

The bill herein was filed in the Circuit Court, First Circuit,
on the 11th of last March. It prayed for an accounting, the
appointment of a receiver, etc. The case involved the construc-
tion of two certain deeds of trust made by Mr. C. Afong, the
father of the complainants and husband of the principal re-
spondent.

Demurrers were interposed which alleged, *inter alia*, that Mr. C. Afong was a necessary party; also that Mrs. Henrietta C. Whiting and Tony Afong, children of the said C. Afong, were necessary parties. All these are absent from this country. Other grounds of demurrer were made, which raised questions not now necessary to consider, and the construction of the trust deeds as to the ownership of the surplus income from the trust fund, and the decision upon this point would determine the question of respondent's liability to account. The court below sustained the demurrers on all the points, finding C. Afong, Mrs. Henrietta C. Whiting and Tony Afong necessary parties, and that the surplus income was Mrs. Julia C. Afong's, and allowed the complainants to amend and file an amended bill in compliance with its decision. The complainants appealed to this court.

On the case coming up for argument, the complainants moved to have the case continued until the next term of the court, which motion this court, after argument, denied. The complainants then filed an abandonment of their appeal against the decision sustaining the demurrers, that Mr. Afong, Mrs. Whiting and Tony Afong were necessary parties, and accepted the decision of the lower court on this issue, but without prejudice to their appeal upon all other issues raised by the demurrers and decided adversely to them below.

We find here an anomalous condition of affairs. There are conceded on all sides to be necessary parties to this litigation, whose interests are involved and who are not made either parties complainant or respondent herein, and who have had no opportunity to be heard upon the matters decided by the lower court. This court cannot undertake to hear and determine questions affecting the interests of these absent persons unless they are made parties and have had an opportunity to come into court. The Circuit Judge should allow the complainants to amend their complaint by adding the parties found to be necessary, without prejudice to complainants' right of appeal upon the other substantial questions raised upon the deeds of trust. To require the

complainants to amend their bill by alleging therein the court's construction of the deeds of trust, as indicated in its decision, could not have been intended by the lower court in requiring in its decree that the amendments should be made *"in compliance with the decision rendered* herein."

We hold that the case should be sent back to the Circuit Court, First Circuit, with the direction to allow the bill to be amended by making Mr. C. Afong, Mrs. Henrietta C. Whiting and Tony Afong parties, and that they be allowed to be heard by the said court, if they shall so desire, with leave to take such appeal from the decision to be made by the court as they may be advised, without prejudice to the right of the present complainants to thereafter present their appeal before this court upon all questions raised other than the non-joinder of the parties.

Decree accordingly.

Costs of this appeal to be paid by complainants.

We call attention to the fact that Mary Afong, who first appeared by a next friend, has had her name stricken from the bill as party complainant, and is not a party at present.

*Kinney & Ballou,* for complainants.

*Hartwell, Thurston & Stanley* and *A. G. M. Robertson,* for respondents.