Syllabus.

## ALBERT WATERHOUSE, TRUSTEE, v. W. C. ACHI, C. G. MACOMBER AND KAUKANI MACOMBER, WIFE OF C. G. MACOMBER, MICHAEL KAUNERT, HENRY VAN GIESON AND FONG WONG SHEE.

### No. 1106.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT. HON. C. W. ASHFORD, JUDGE.

ARGUED JULY 15, 1918.                    DECIDED AUGUST 22, 1918.

COKE, C. J., QUARLES, J., AND CIRCUIT JUDGE EDINGS IN PLACE OF KEMP, J., ABSENT.

PARTIES—*equity—mortgages—application of payments.*

Where a mortgage contains a stipulation that the mortgagor may sell the mortgaged property in parcels, the mortgagee to receive and apply on the mortgage indebtedness certain portions of the proceeds of the sales and a second mortgage is given on the same property in which it is stipulated that the mortgagor may sell in parcels and all of the proceeds of sales not applicable to the prior mortgage indebtedness, shall be paid upon the subsequent mortgage indebtedness, the mortgagee in the prior mortgage is a necessary party to a suit to foreclose the latter mortgage, especially when it is alleged in the answer of the mortgagor that sales had been made the proceeds of which over and above the amounts applicable to the senior mortgage indebtedness were sufficient to satisfy the junior mortgage indebtedness and that the junior mortgagee had, without the consent of the mortgagor, permitted the senior mortgagee to retain all of the proceeds of such sales, as under such circumstances the mortgagees in both mortgages are legally and beneficially interested in the subject matter of the suit, and the mortgagor has the right to have the application of the payments determined.

OPINION OF THE COURT BY QUARLES, J.
(CIRCUIT JUDGE EDINGS DISSENTING.)

The appellee, hereinafter called the plaintiff, commenced

this suit in equity to foreclose a mortgage executed by the defendant Achi upon twenty-two lots in the Lunalilo tract in Honolulu. In his amended bill the plaintiff alleges a loan by himself, as trustee for himself and E. Kopke, made to defendant Achi September 1, 1914, in the sum of $5000 to secure payment of which a note due September 1, 1917, and the said mortgage were given. This mortgage was subject to a prior mortgage executed by the defendant Achi to the trustees under the will of W. C. Lunalilo. In his amended bill the plaintiff alleges that he has received upon the mortgage indebtedness the sum of $650 paid February 17, 1915, the sum of $600 paid July 1, 1915, the sum of $300 paid December 20, 1916, and the sum of $100 on account of interest on the principal sum paid February 28, 1915. The plaintiff alleges that he has purchased the interest of E. Kopke in the said mortgage and indebtedness secured thereby. In the mortgage to plaintiff, which is made a part of the amended bill and wherein the senior mortgage is referred to, we find the following stipulation: "It is also agreed that as often as the mortgagor shall make sale or sales of any of the lots affected by this mortgage, if he shall then, after first paying to the mortgagees in said prior mortgage of February 5, 1913, the amount or amounts required to be paid them thereunder in cases of sales, pay the remaining proceeds of sale to the mortgagee herein to be credited on the indebtedness hereunder, the mortgagee will execute partial release of this mortgage as to the property sold, but at the sole cost of the mortgagor."

The defendant Achi filed a demurrer to plaintiff's amended bill on the ground of the nonjoinder of the trustees of the Lunalilo estate claiming that such trustees are necessary parties to the suit. The record before us shows that the plaintiff joined in this demurrer but does not show what disposition was made of the demurrer.

The defendant Achi filed his answer to the plaintiff's amended bill, in which other defendants joined, admitting the execution of the note and mortgage, as alleged in plaintiff's amended bill, and alleging that the plaintiff has no right to foreclose the mortgage for the reason that the plaintiff surrendered to the trustees under the Lunalilo 'will his share of the money from lots sold by the defendant Achi and that the plaintiff did so without the consent of defendant Achi; that the trustees under the will of said Lunalilo were only entitled to take 28 to 37 cents a foot for lots sold; that the mortgage indebtedness to the Lunalilo estate was more than $17,000 at the time the mortgage was made to plaintiff and that it had been reduced to less than $3,000; that defendant Achi does not know that the plaintiff has bought out the interest of E. Kopke in the note and mortgage but leaves that for plaintiff to prove; that since the commencement of this suit the defendant Achi has sold two lots to certain parties and that each of these parties paid to the trustees of the Lunalilo estate for the use of themselves and the plaintiff the sum of $165, making a total of $330, which said trustees hold for themselves and the plaintiff. Said answer further alleges: "And the defendant W. C. Achi further says that if the plaintiff herein had not surrendered his share of the money in the lots sold since the making of the mortgage, this mortgage would long have been paid in full before the filing of this amended petition." There is no replication to the answer in the record before us. The answer shows, although it is crudely drawn and is full of uncertainty, that of the purchase price of such of the mortgaged lots as should be sold a certain portion, ranging from 28 cents to 37 cents per foot, was to be paid to the first mortgagors and the remainder to plaintiff on the mortgage sought to be foreclosed and that a sufficiency had been received by the first mortgagors over and above what they

were to retain to have satisfied the plaintiff's mortgage in full, and that plaintiff, without the consent of said defendant Achi, agreed that said first mortgagees should retain the same. The plaintiff moved for a decree, which motion was granted, and the defendants appeal.

The only error that has been argued by respective counsel is the failure of the circuit judge to order the trustees under the will of W. C. Lunalilo to be made parties defendant and brought into this suit on the ground that they are interested in the subject-matter of the suit and their presence is necessary to an equitable adjustment of the subject-matter of this suit. This is the position of the appearing defendants but is combatted by plaintiff on the ground that a mortgagee in a senior mortgage is not interested in a junior mortgage and is not a necessary party to a suit to foreclose the latter. Many authorities are cited to this effect but they are in cases where the mortgages did not contain stipulations whereby the mortgagor may sell the mortgaged property in parcels and the mortgagees shall receive the proceeds of the sales, apportioned among them according to stipulations in the mortgages, as is the case at bar. If both mortgages did not contain stipulations as to the sale in parcels of the mortgaged property by the mortgagors and the application of the proceeds of the sale or sales to the respective mortgage indebtedness we would have to determine whether the rule which obtains in some jurisdictions to the effect that a junior mortgage may be foreclosed without making the mortgagee in a prior mortgage of the same property a party to the suit, but under the circumstances of this case it is not necessary to determine this question. Where a mortgage contains a stipulation that the mortgagor may sell the mortgaged property in parcels, the mortgagee to receive and apply on the mortgage indebtedness certain

portions of the proceeds of the sales and a second mortgage is given on the same property in which it is stipulated that the mortgagor may sell and all of the proceeds of the sales not applicable to the prior mortgage indebtedness shall be paid upon the subsequent mortgage indebtedness, the mortgagee in the prior mortgage is a necessary party to a suit to foreclose the latter mortgage, especially when it is alleged in the answer of the mortgagor that sales had been made the proceeds of which over and above the amount applicable to the senior mortgage indebtedness were sufficient to satisfy the junior mortgage indebtedness and that the junior mortgagee had, without the consent of the mortgagor, permitted the senior mortgagee to retain all of the proceeds of such sales as under such circumstances the mortgagees in both mortgages are legally and beneficially interested in the subject-matter of the suit. It is well settled in this jurisdiction that all parties interested in the subject-matter of a suit in equity are necessary parties to the suit (*Kaopua v. Keelikolani,* 6 Haw. 123; *McKeague* v. *Neisser,* 6 Haw. 461; *Magoon* v. *Afong,* 10 Haw. 340).

There being a common fund—the proceeds of the sales of lots by the mortgagor—applicable to the satisfaction of the indebtedness secured by both mortgages the mortgagor has a right to have the fund apportioned according to the stipulations contained in the respective mortgages and in order to do so the mortgagees in the senior mortgage are necessary parties and should be before the court.

The decree is reversed and the cause is remanded to the circuit judge with instructions to make an order requiring the plaintiff to amend his amended bill and make the trustees under the will of W. C. Lunalilo parties to the suit and for further proceedings consistent with the views herein expressed.

*W. W. Thayer* for plaintiff.

*W. C. Achi (Achi & Achi* on the brief) for defendants.

EDINGS, CIRCUIT JUDGE: I respectfully dissent from the decision of the court in the above entitled case.