# IN THE MATTER OF THE TRUST ESTATE CREATED BY THE WILL OF SARAH JANE GRACE.

### No. 2258.

ARGUED JULY 31, 1936.    DECIDED OCTOBER 26, 1936.

### BANKS AND PETERS, JJ.

OPINION OF THE COURT BY PETERS, J.

Although heard before all of the justices, due to the absence of the chief justice, by stipulation of the parties the opinion of but two of the justices who sat is accepted as the opinion of the court.

The testatrix in her will created a trust by the terms of which the trustee was authorized during the period of the trust to "use any part or portion of the rents, issues and profits or income or the accumulations thereof [of the trust estate] for the support and maintenance of any one or more of my children or grandchildren who may be or become destitute or in any other manner become and be in need of support and maintenance."

Priscilla Jane Grace a minor grandchild of the testatrix by her guardian *ad litem* invoked this provision of the will and petitioned the circuit judge for an allowance for her maintenance and support. The court allowed her $65 a month without indicating whether the same should be paid by the trustee from income or principal or both. The trustee appealed and assigns the following errors: 1. That it affirmatively appears from the evidence that the petitioner was not destitute or in any manner in need of support and maintenance; 2. That the power and authority of the trustee to use any part or portion of the rents, issues and profits or income or the accumulations thereof for the support and maintenance of any one or more of the chil-

dren or grandchildren of the testatrix who were destitute or in need of support and maintenance were not mandatory but merely discretionary with the trustee; and 3. That the rents, issues and profits or income or the accumulations thereof were insufficient to admit of the allowance made to the petitioner.

The assignments are considered *seriatim*.

1. We believe that there was ample evidence before the trial judge to sustain the finding that the petitioner was "destitute" and "in need of support and maintenance" as those terms are employed in the will of the testatrix. The evidence is undisputed that the petitioner has no independent means of support; that her mother is pecuniarily unable to contribute and her father has persistently refused to contribute to her support. It is true that at the time the petition was filed the petitioner was living with her mother and stepfather and supported and maintained by the latter. But the language employed in the will does not admit of the imputation that the testatrix intended that any of her children or grandchildren must be reduced to absolute and actual physical want before her trustee could afford relief. The trust comprised all the property of which she died seized and possessed remaining after the payment of debts and funeral expenses. The trustee was granted broad powers of management and control, of investment and reinvestment of the trust corpus with the exception of personal effects and household furniture which the testatrix directed be delivered forthwith to two daughters. The term of the trust is ten years from and after the date of her death. The only direct beneficiary of the trust is a daughter to whom she directed the trustee to pay $100 a month from income for the period of the trust. From an examination of the inventory and appraisement the estate was a substantial one and had not the depression intervened would doubtless have remained so. By the use of the word

"accumulations" the testatrix apparently anticipated an excess of income over and above the amount required for the annuity to her daughter. No qualifications other than destitution or need in any other manner of support and maintenance are placed upon the class benefited. Whether adult or minor or whether the victim of misfortune or profligacy they are equally entitled to her bounty. The definition of their necessity is extremely broad. "Destitution" ordinarily means in great need of the necessaries of life; in a condition of extreme want. But it has many shades of meaning. It is a relative term. And its import is best appraised by the subject matter of its use. It may mean one thing when used in a statute the subject of which is temporary alimony; another in a statute the subject of which is dependent children. But here the word in question appears in a will. No statutory duty is involved. The subject matter of its use is "support and maintenance."

Were the contingency authorizing support and maintenance confined alone to "destitution" it might reasonably be said that in view of the class affected the testatrix intended that support and maintenance should not be restricted to bare subsistence but should be consistent with the situation, mode of life, estate and social rank and condition of the person concerned. The general welfare of a person in need of support and maintenance is no less a consideration than actual necessaries. And general welfare includes the ability to live independently of the charity of friends or relatives.

But all doubt is removed by the presence in the will of the alternative contingency authorizing support and maintenance where its need arises in any other manner than destitution. The testatrix anticipated that her children or grandchildren if not literally destitute might be in need of support and maintenance in other ways than by the ab-

sence of the bare necessaries of life. Hence her use of the alternative term "in any other manner * * * be in need of support and maintenance." The alternative term employed is not synonymous with the word "destitute." On the contrary it has a much broader significance. It connotes the need of support and maintenance arising from the loss or absence of those concomitants of life so intimately connected with support and maintenance that their enjoyment is a part of life itself—physical well-being, self-respect, independence.

To say that reduction to absolute want is a condition precedent to relief under the clause of the will in question is to attribute to the testatrix an intention that is absolutely contrary to the language employed and to the solicitous protection that it manifests of those whom she apparently held most dear.

No obligation rested upon the stepfather to support the petitioner. He was a mere volunteer. That obligation is imposed by statute upon the natural parents. That the stepfather temporarily assumed the duty that the parents either could not or would not perform does not make the petitioner any less "destitute" or "in any other manner * * * in need of support and maintenance" as those terms are employed in the will of the testatrix.

Petitioner below proceeded upon the theory that she was entitled to an allowance for her reasonable support and maintenance in the manner in which she was accustomed to live when formerly living with both of her natural parents. That was twelve years ago. With time, conditions generally, similarly as the particular requirements of petitioner, have changed. She was then four years old. And inasmuch as upon further hearing, if any, the amount of any allowance to her may come again in question the measure of her necessity should be determined.

Sufficient has already been said to indicate that the

measure of petitioner's necessity is not confined to the mere necessities of life or the relief from extreme want. At the time of the testatrix' death all her children were adult. The testatrix was under no statutory obligation in life to support her adult children nor was she required to anticipate their support after her death. Similarly as to grandchildren. The duty imposed upon her trustee was voluntarily assumed in death as no doubt it would have been assumed in life had a similar contingency occurred. It was the vehicle provided by her for protecting during the interval of the trust a class which included the ultimate beneficiaries of the trust. From the language employed the intention is clear that "support and maintenance" as that term is employed in the will includes not only physical necessities but also provision for the general welfare of the objects of relief consistent with his or her station in life and with the financial condition of the trust estate. The measure of petitioner's necessity therefore is the amount necessary for her reasonable support and maintenance consistent with her station in life and with the financial condition of the trust estate, viewed in the light of all the surrounding facts and circumstances.

2. The power granted the trustee to use the income of the trust estate or the accumulations thereof for the support and maintenance of any one or more of the children or grandchildren of the testatrix who might be or become destitute or in any other manner become and be in need of support and maintenance is unquestionably couched in discretionary terms. But nonetheless the power must be exercised by the trustee whenever the exigencies of destitution or need of support and maintenance occur to one or more of the children or grandchildren of the testatrix during the period of the trust. It is unreasonable to assume that the testatrix at the time she executed her will intended that the relief of her children or grandchildren

from the distress of poverty be committed to the uncontrolled discretion of a trustee. On the contrary she evidently intended that the trustee resort to the power granted whenever the exigencies of its exercise might arise. Under the terms of the trust instrument the right accrued to each of the children and grandchildren of the testatrix to apply for and receive an allowance out of the income of the trust estate or accumulations thereof in the event of his or her destitution or need of support and maintenance. The power granted to the trustee was therefore in the nature of a trust. And a mandatory duty was thereby imposed on the trustee to exercise the power granted him whenever the use of the income or accumulations thereof became necessary for the purposes indicated. Where, as here, power is granted to a trustee to support and maintain children and grandchildren of the testatrix, the children and grandchildren are beneficially interested in the trusts which arise out of the execution of the power and may be enforced by them against the party to whom the power is given. "A naked power is left to the free will and election of the party to whom it is given, to exercise it or not; and he cannot be compelled to do that which is left solely to his own judgment and discretion. But there is a clear and well defined distinction between a mere power, when the act is left to the will of the party to whom it is given, and powers in the nature of trusts. In cases of the latter class, the right and interests of third parties, who are beneficially interested in the trusts which arise and grow out of the execution of the power, come in, and can be enforced as against the party to whom the power is given. Mere powers are never imperative; trusts are always imperative and obligatory upon the conscience of the party intrusted. When a trust is to be effected by the execution of a power then the trust and power become blended

and binding upon the donee of the power." *Greenough &
Wife* v. *Welles,* 10 Cush. (Mass.) 571, 576.

3. Unfortunately the depression made substantial in-
roads upon the trust estate. At the time the petition for
an allowance was filed the estimated gross value of the
trust estate was $30,360. At the same time the estate was
indebted in the aggregate amount of $24,367, most of
which was carried over from the probate of the estate and
by the decree of distribution made a charge upon the trust
corpus. Upon the hearing of the final accounts of the ex-
ecutor an indebtedness to it of $15,043.85 for moneys ad-
vanced and administration expenses by the court was
expressly approved and allowed. The net value of the trust
estate is now approximately $6000. What income may be
expected from the trust estate is problematic. The evi-
dence in that regard is meager and evasive and calculated
rather to hinder than assist the trial judge in coming to
any conclusion of the financial ability of the trust to re-
spond to the importunity of the petitioner. But there is
sufficient evidence, however unsatisfactory, to conclude
that at the time the petition was filed the financial condi-
tion of the trust estate did not admit of the expectation of
income sufficient to meet the annuity, interest upon the
subsisting indebtedness and costs of administration. Under
the circumstances there was not sufficient evidence to
justify the trial judge in allowing the petitioner $65 a
month if such amount were to be paid from the income of
the trust estate.

But, argues the appellee, the trustee may deviate from
the terms of the trust and fulfill the imputed intention of
the testatrix that the principal of the trust estate may be
resorted to if and when income proves insufficient. Unfor-
tunately the record presents an insuperable obstacle to the
consideration of this contention. The period of the trust
was ten years from the date of the death of the testatrix

at which time the trustee was directed to convert the trust propery remaining undisposed of in its hands at that time and divide the same into eight equal parts or shares and distribute one part or share to each of seven named children of the testatrix and one share to the children of a deceased son as a group with the limitation over in the event of any one or more of the children predeceasing the period of vesting that his or her share should be transferred or conveyed to his or her children, if any, *per stirpes* and if one or more of her children be without issue at the time his or her share should go to increase each of the other distributive shares equally and if none of the children of the deceased son should be then living the share which would otherwise be transferred or conveyed to them as a group should go to increase each of the other distributive shares equally. But none of the ultimate distributees of the principal of the trust are parties to this proceeding except the petitioner. The only parties before the trial judge were the petitioner and the trustee. Moreover the annuitant is interested in preserving the trust corpus and thus insuring the payment to her of the annuity granted her by the will. Resort to the trust corpus to make up deficiency in income to relieve this petitioner would affect the respective interests of these remaindermen and annuitant. Generally a trustee has power to represent a *cestui que* trust in all actions relating to the trust but here there is a conflict of interest between the several *cestui que* trusts and the presence alone of the trustee as a party is not sufficient. This court has repeatedly held, consistently with the general rule in equity, that all persons materially interested either legally or beneficially in the subject matter of a suit must be made parties to it either as plaintiffs or defendants. (*Brown* v. *Kaahanui,* 29 Haw. 804, 808; *Smythe* v. *Takara,* 26 Haw. 69, 72; *Waterhouse* v. *Achi,* 24 Haw. 431, 435; *Rumsey* v. *New York Life Ins. Co.,* 23 Haw. 142,

146; *Magoon* v. *Afong,* 10 Haw. 340, 341; *McKeague* v. *Neisser,* 6 Haw. 461, 462, 463; *Kaopua* v. *Keelikolani,* 6 Haw. 123.) The observance of this rule is especially appropriate where, as here, the interests of the remaindermen and annuitant in the principal of the trust estate are so bound up with that of the petitioner in the relief sought by her against the principal of the trust estate that their legal presence as parties to the proceeding is an absolute necessity without which the court cannot proceed. (*Barney* v. *Baltimore City,* 6 Wall. [U. S.] 280, 284; *Franz* v. *Buder,* 11 F. [2d] 854, 856.)

We therefore expressly refrain from expressing any opinion upon the right of the trustee to deviate from the terms of the trust and resort to the principal of the trust estate to relieve the necessity of this petitioner. If, however, the appellee insists that the trustee may legally do so it will be necessary that there first be made parties to this proceeding all persons materially interested either legally or beneficially in the principal of the trust estate. It is true that this proceeding was initiated informally in the matter of the trust estate created by the will of the testatrix. But we see no reason why upon remand all necessary parties may not be brought in. Hence, under the circumstances, the cause may be remitted for the purpose of bringing in indispensable parties similarly as was done in the case of *Yip Lan* v. *Ahulii,* 23 Haw. 307, 312.

The decree appealed from is reversed and the cause remanded with leave to the petitioner at her option to join in this proceeding all indispensable parties who may be materially interested either legally or beneficially in the principal of the trust estate and for such other proceedings as may be necessary, consistent with this opinion.

*C. A. Gregory* (*Smith, Wild, Beebe & Cades* on the briefs) for the trustee.

*W. T. O'Reilly* (also on the brief) for petitioner.