HAIKU PLANTATIONS ASSOCIATION, SAMUEL EASON, MARIJANE GOLDING, JAY ROCKSTEAD, GLENN MOWRY, DAVID MONCRIEF, HENRY WALKER, MARIAN HALBERG and HERBERT HALBERG, Plaintiffs-Appellees, *v.* SAMUEL LONO, JR., Defendant-Appellant, JOHN DOES 1-200, DOE PARTNERSHIPS 1-10 and DOE CORPORATIONS 1-10, Defendants

NO. 5489

NOVEMBER 29, 1974

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR, JJ., and CIRCUIT JUDGE FONG ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY OGATA, J.

This is an appeal by Samuel Lono, Jr., one of the defendants, from a judgment of the circuit court filed on February 8, 1973. The other defendants in this case, John Does 1-200, Doe Partnerships 1-10, and Doe Corporations 1-10, were unidentified defendants. None of these defendants were at any time during the proceedings in the court below specifically identified and substituted as a defendant or defendants under their true names. The unidentified defendants, not having been personally served, have not appealed.

The plaintiffs, Haiku Plantations Association, Samuel Eason, Marijane Golding, Jay Rockstead, Glenn Mowry, David Moncrief, Henry Walker, Marian Halberg and Herbert Halberg, filed in the circuit court on December 22, 1972, a complaint for injunctive relief to mandate defendant, Samuel Lono, Jr., to remove structures and tents that he caused to be erected and to fill and restore the open cooking pit that he caused to be excavated, and to restrain all defendants from (1) parking any vehicles within the Haiku Plantations subdivision, except as a guest of a resident or owner of a home in such subdivision; (2) erecting any structures or tents or other shelters or otherwise trespassing upon the Haiku Plantations Subdivision; (3) trampling or otherwise damaging plantings or depositing trash or litter upon property of the Haiku Plantations Subdivision; and (4) assembling or conducting any public meetings or other gatherings or otherwise trespassing upon such property. As is customary the complaint further prayed that plaintiffs have such other and further relief as the court deems just and proper. Plaintiffs also filed, together with the complaint, a motion for an order to proceed against the unidentified defendants, an affidavit of counsel for plaintiffs, purporting to support the motion for an order to proceed against unidentified defendants, and the order of the court to proceed against unidentified defendants. They also filed, together with the complaint, a motion for temporary restraining order, a motion for preliminary injunction, seven affidavits to support and uphold the issuance of a temporary restraining order, and a certificate of efforts and reasons which was executed by counsel for the plaintiffs.

Upon the filing of the above pleadings and papers, the court on December 22, 1972, issued an order to show cause why a preliminary injunction should not issue in favor of the plaintiffs, which was made returnable on December 27, 1972, as well as a temporary restraining order ex parte, without notice to the defendants. By its terms, the temporary restraining order restrained the defendants, their agents, servants, employees and attorneys and all persons in active concert and participation with them from parking any motor vehicle on property of the Haiku Plantations subdivision, or otherwise

causing or allowing any motor vehicle to enter and remain in the subdivision other than for ingress and egress from the property occupied by defendant, Samuel Lono, Jr., unless the defendant is on such property as a guest of a resident within such subdivision. Five days after the complaint had been filed, on December 27, 1972, which was also the return day for the order to show cause on the preliminary injunction, the court entered an order under which the trial on the merits of the permanent injunction was advanced and consolidated with the hearing on the preliminary injunction.

Although under the terms of the summons issued by the clerk of the court and served upon defendant, Samuel Lono, Jr., he was required to answer the complaint within 20 days after service of the summons, under the circumstances indicated above, he did not have that time to file his answer to the complaint and none was filed. All of the material allegations of the complaint in the absence of an answer thereto, must be deemed to have been denied by each defendant, and therefore, it was incumbent upon the plaintiffs to prove each of these allegations by the requisite proof to be entitled to any injunctive relief.

The trial court, after the conclusion of a hearing held on December 28, 1972, and on January 2 and 3, 1973, denied the motion for a preliminary injunction and dissolved the temporary restraining order. Based upon the order advancing and consolidating the trial on the merits with the hearing on the preliminary injunction previously entered by the court, it also denied the permanent injunction. We quote the entire judgment entered by the court on February 8, 1973, as follows:

"Upon the evidence adduced at trial on December 28, 1972, and January 2 and 3, 1973, and the Court having made an oral decision on January 3, 1973, and the evidence having shown and the Court having decided that Plaintiffs are entitled to the relief hereinafter set forth

"IT IS ORDERED, ADJUDGED AND DECREED that Road Right of Way No. 23 over Lots 542, 585 and 800, comprising Haiku Plantations Drive, shown on Land Court Maps Nos. 41, 48 and 58, respectively, and noted on Transfer Certificates of Title Nos. 101,996, 105,167 and 111,098, re-

spectively, is solely for purposes of ingress and egress and does not include any right or privilege to park vehicles, and it is further

"ORDERED, ADJUDGED AND DECREED that Defendant Samuel Lono, Jr., has a right of way over Haiku Plantations Drive solely for purposes of ingress and egress, and the use thereof may include the full traveled portion of said roadway which is twenty (20) feet wide, but Defendant Samuel Lono, Jr., and all persons claiming such use by, through or under him, do not have any correlative right or privilege to park along Haiku Plantations Drive or any other roadway in Haiku Plantations subdivision, and it is further

"ORDERED, ADJUDGED AND DECREED that the temporary restraining order is dissolved, the motion for a preliminary injunction is denied and the prayer for a permanent injunction is denied; provided, however, that the dissolution of the temporary restraining order and the denial of the motion and prayer for preliminary and permanent injunction is without prejudice to the granting of any such relief upon any new application showing the necessity and appropriateness therefor.''

The defendant, Samuel Lono, Jr., having resisted the relief sought by plaintiffs in their complaint, does not complain of the action of the trial judge in denying to them any injunctive relief. He argues and urges that the court below erred in entering a judgment which included the first two paragraphs quoted above, which declared and limited the right granted under Road Right of Way No. 23, over Lots 542, 585 and 800, comprising Haiku Plantations Drive, shown on Land Court Maps Nos. 41, 48 and 58, and noted on Transfer Certificates of Title Nos. 101,996, 105,167 and 111,098, to a right of way solely for the purposes of ingress and egress, without any right or a privilege to park vehicles, and which further declared that defendant Samuel Lono, Jr., and those claiming under him, have a right of way over Haiku Plantations Drive over the entire traveled portion of such roadway, 20 feet wide, only for ingress and egress, without any correlative right or privilege to park vehicles.

This contention of defendant Samuel Lono, Jr., is based

upon his hypothesis that under the applicable statute and the Hawaii Rules of Civil Procedure the court below did not have the authority to render a declaratory judgment in an equitable injunctive proceedings where such relief was neither prayed for in the complaint nor requested by any party during such proceedings, and where because of the nature of such proceedings no right to a jury trial to make binding findings of fact is available to the defendant, unless the proceedings are bifurcated for that purpose.

We prefer, however, to dispose of this appeal upon a more basic ground, hereinafter discussed, which we believe the examination of the record will unequivocably demonstrate that the trial judge did not have jurisdiction in this case to render a binding declaratory ruling or judgment.

The complaint herein alleged that plaintiff Haiku Plantations Association is a voluntary association of persons residing and owning or occupying homes in the Haiku Plantations subdivision; that the purposes of the association are to administer the common areas of the subdivision, including Haiku Plantations Drive, and to promote and protect the civic interest of the residents and lot owners in the subdivision; and that under paragraph 14 of the declaration of the protective provisions for Haiku Plantations, dated January 28, 1965, executed by the plaintiff association, the trustees of the Bishop Estate and the developer of the subdivision, the plaintiff association has been and is granted the right to take all legal action necessary to protect and administer the common areas of the subdivision and to prevent the misuse of such areas. It also alleged in the complaint that the individual plaintiffs own and occupy homes situate toward the end of Haiku Plantations Drive where it terminates at the boundary of the subdivision adjoining land owned by the State of Hawaii. The allegations of the complaint further showed that defendant Samuel Lono, Jr., is an occupant of a certain property known as Lono Kuleana,[1] which is surrounded by land owned by the State; that John Does 1-200 are persons

---

[1] Plaintiffs refer to and describe this parcel of land as Lihue Kuleana.

who have visited, or may in the future visit, the Lono Kuleana and have parked, or may in the future park, their vehicles on Haiku Plantations Drive; that Doe Corporations 1-10, and Doe Partnerships 1-10, are bus companies who have transported passengers to the end of Haiku Plantations Drive for the purpose of visiting the Lono Kuleana; that prior to the development of the subdivision the Lono Kuleana had appurtenant thereto a roadway easement to Haiku Road over and across the land owned by the trustees of the Bishop Estate, which roadway easement, upon the development of the subdivision, was redesignated and redelineated into a 12 foot road right of way over and across Lots 542, 585 and 800 of Land Court Application 1100; and that the right of defendant Samuel Lono, Jr., to use this roadway easement for himself and his guests is solely for the purpose of ingress and egress.

We appreciate that the complaint asserted that paragraph 14 of the declaration of the protective provisions for Haiku Plantations, plaintiffs' exhibit 7, executed by the plaintiff association, the trustees of the Bishop Estate and the developer of the Haiku Plantations subdivision, granted to the association the right to take all legal action necessary to protect and administer the common areas of the subdivision and to prevent the misuse of such areas. We do not, however, read or otherwise interpret that document to confer upon the plaintiff association the broad and sweeping right to institute or appear in an action for itself and also in behalf of the trustees to determine the nature, scope and extent of the interest of each of the interested parties. The declaration of protective provisions for Haiku Plantations indicates that the plaintiff association was organized to lease and administer the common facilities of Haiku Plantations for the use and benefit of all of the lessees and occupants of rural lots in Haiku Plantations and to supervise and enforce compliance by lessees and occupants of rural lots with all applicable protective provisions and lessees' covenants. Thus, the specific provisions of paragraph 14[2] of the declaration of

---

[2] Paragraph 14 of the declaration of protective provisions for Haiku Plantations reads:

"14. *Remedies for Breach*. The Trustees or Association or the lessee of any

protective provisions were intended and designed to accomplish those purposes and objectives. That paragraph gives to the trustees or association or any lessee of a rural lot the right to enjoin by appropriate legal action the breach by any member of the association of any restrictions, covenants, conditions or provisions contained in the declaration. The defendant Samuel Lono, Jr., was not a party to this instrument and his interest was not contemplated by it.

Likewise the record in this case, taken as a whole, shows that the individual plaintiffs occupy their lots in the Haiku Plantations subdivision only as lessee owners, with the trustees of the Bishop Estate as the owners of the reversionary interest.[3] It is obvious that a person holding a reversionary interest in land has a substantial interest in such property and such a person should be made a party in any litigation which may in any way reach or concern such interest. But the trustees of the Bishop Estate were never parties to this action and the court was, therefore, in no position to render a binding adjudication which affected their reversionary interest in any of the land leased by them.

This court has so stated in *Filipino Fed. of America v. Cubico,* 46 Haw. 353, 380 P.2d 488 (1963), where at page 372, 380 P.2d 498, the following appears: "In order for the decree of the lower court to be binding upon such persons, they must be made parties to the suit, either as plaintiffs or defendants.

---

rural lot shall be entitled to enjoin by appropriate legal action the continuing or repeated breach of any restrictions, covenants, conditions or provisions herein contained, and damages for such breach shall not be deemed to be adequate compensation therefor. Failure of the Trustees, Association or any other person so entitled to enforce any restrictions, convenants, conditions or provisions hereof shall not constitute or be deemed to be a waiver thereof or of the right to enforce the same. In case the Trustees, Association or any other person so entitled shall bring and sustain an action to enforce any restrictions, covenants, conditions or provisions hereof, they shall be entitled to recover from the persons guilty of such breach all their costs and expenses including a reasonable attorney's fee incurred in connection with such action.''

[3] It is acknowledged by plaintiffs in their answering brief, page 3, counter-statement of the case, that Haiku Plantations subdivision is owned by Bishop Estate and that the individual plaintiffs are Bishop Estate lessees.

*Estate of Grace,* 34 Haw. 25, 33; *Brown v. Kaahanui,* 29 Haw. 804, 808; *Smythe v. Takara,* 26 Haw. 69, 72; *Waterhouse v. Achi,* 24 Haw. 431, 435; *Rumsey v. New York Life Ins. Co.,* 23 Haw. 142, 146; *Magoon v. Afong,* 10 Haw. 340, 431 [*sic*]; *McKeague v. Neisser,* 6 Haw. 461, 462-63; *Kaopua v. Keeliko-lani,* 6 Haw. 123.''

In *Filipino Fed. of America v. Cubico, supra* at 372, 380 P.2d 498-99, this court also quoted with approval from *Magoon v. Afong, supra,* as follows: "This court cannot undertake to hear and determine questions affecting the interests of these absent persons unless they are made parties and have had an apportunity to come into court. . . .'' To the same effect see *Pioneer Mill Co. v. Ward,* 37 Haw. 74, 93 (1945).

This question of non-joinder of the trustees of the Bishop Estate was not raised by defendant Samuel Lono, Jr., or any of the other parties in the court below or in this court. However, the non-joinder of indispensable parties is so vital that it may be raised even by an appellate court at any time. We said in *Filipino Fed. of America v. Cubico, supra* at page 369, 380 P.2d 497: "Absence of indispensable parties can be raised at any time even by a reviewing court on its own motion.''

The primary remedy which was sought in the complaint by the plaintiffs against the defendants was an equitable injunctive relief. The trial court denied to the plaintiffs the principal redress requested by them. After the conclusion of a hearing which ostensibly decided the merits of the case, it incidentally granted a declaratory judgment. Under these circumstances, we do not see the value or necessity to remand this case for another trial with the trustees of the Bishop Estate also joined as parties to this action[4] to determine the nature of the easement granted under road right of way 23, as it affects lots 542, 585 and 800. The adjudication of this matter can be had in a future appropriate proceeding in which all of those having an interest are made parties before the court.

---

[4] HRCP, Rule 21, provides, *inter alia,* that "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.''

Accordingly, we reverse and vacate those portions of the judgment which declared the scope and extent of road right of way 23, and that portion of the judgment which denied the injunction is affirmed.

Cause remanded with instructions to enter a judgment not inconsistent with this opinion.

*David C. Schutter* for defendant-appellant.

*Jack C. Morse (Saunders & Morse* of counsel) for plaintiffs-appellees.