**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000778
17-APR-2024
09:57 AM
Dkt. 229 SO**

NO. CAAP-19-0000778

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ASSOCIATION OF APARTMENT OWNERS OF KUHIO SHORES AT POIPU,
Plaintiff/Counterclaim Defendant-Appellee,
v.
PACIFIC RIM PROPERTY SERVICE CORPORATION, a Hawaii Corporation,
Defendant/Counterclaim Plaintiff-Appellee,
and
VIVIAN T. LORD; DIRECTOR OF FINANCE, COUNTY OF KAUAI,
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and
DOE GOVERNMENTAL UNITS 1-10, Defendants
and
WILLIAM H. GILLIAM, Real Party in Interest-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 16-1-0063)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, and Nakasone and McCullen, JJ.)

        We construe the November 1, 2019 Notice of Appeal filed
by Real Party in Interest-Appellant William H. Gilliam (**Gilliam**),
self-represented, to appeal from the following order and writ,
entered on October 2, 2019, by the Circuit Court of the Fifth
Circuit (**Circuit Court**):[1]  (1) "Order Granting
Plaintiff[/Counterclaim Defendant-Appellee] Association of
Apartment Owners of Kuhio Shores at Poipu's [(**AOAO**)] Motion for
Instructions for the Receiver" (**Order to Sell**); and (2) "Writ of

_____

[1]     The Honorable Kathleen N.A. Watanabe presided.

Possession."  The Order to Sell, among other things: (a) authorizes a court-appointed receiver (**Receiver**) of Defendant/Counterclaim Plaintiff-Appellee Pacific Rim Property Service Corporation to sell the property that is the subject of the underlying foreclosure action (**Property**), and (b) states that the Receiver "is entitled to the exclusive and immediate possession of the Property along with issuance of [the] [W]rit of [P]ossession effective forthwith."  The Writ of Possession specifically commands Gilliam's removal from the Property.

On May 29, 2020, we entered an order granting Gilliam's March 12, 2020, and May 10, 2020 emergency motions for stay, which stayed the Order to Sell and the Writ of Possession as against Gilliam in his personal capacity, pending this court's final decision in this appeal.

On appeal, Gilliam appears to raise various issues regarding the underlying foreclosure action and the related appointment of the Receiver.  Gilliam also appears to contend that the Circuit Court denied him due process in issuing the Order to Sell and the Writ of Possession against him, as a non-party.[2]

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Gilliam's contentions as follows.

## I.  Jurisdiction

There appears to have been no adjudication of the AOAO's foreclosure complaint, no issuance of a foreclosure

---

[2]     We note that Gilliam's opening brief fails to comply in material respects with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) and (7).  In particular, Gilliam makes numerous factual assertions and arguments without any supporting references to the record and fails to articulate specific points of error.  The argument section is conclusory and often difficult to discern.  Gilliam's "failure to comply with HRAP Rule 28(b)(4) is alone sufficient to affirm the circuit court's judgment." Morgan v. Planning Dep't, Cty. of Kauai, 104 Hawaiʻi 173, 180, 86 P.3d 982, 989 (2004) (citing Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 420, 32 P.3d 52, 64 (2001)).  Nevertheless, we have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'"  Morgan, 104 Hawaiʻi at 180-81, 86 P.3d at 989-90 (quoting O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994)).  We thus address Gilliam's arguments to the extent discernible.

decree, and no judgment entered. There is thus no final and appealable order under Hawaii Revised Statutes (**HRS**) § 667-51(a). It follows that Gilliam's appeal, as it relates to the foreclosure action and the related appointment of the Receiver, should be dismissed.

However, this court has appellate jurisdiction to review the Order to Sell and the Writ of Possession, which are inextricably linked, under the Forgay doctrine. See Forgay v. Conrad, 47 U.S. 201 (1848); Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995); Bank of America, N.A. v. Webb, No. CAAP-16-0000469, 2019 WL 1785047, at *2 (Haw. App. Apr. 24, 2019) (SDO). Gilliam's status as a nonparty to the underlying foreclosure action does not deprive this court of such jurisdiction. See Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Hawaiʻi 251, 276, 151 P.3d 732, 757 (2007) (holding that a non-party has standing to appeal without having intervened in the underlying litigation where a court order "directly binds the nonparty by name") (quoting 15A C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure: Jurisdiction and Related Matters § 3902.1, at 44323 (2006)); Webb, 2019 WL 1785047, at *2 (concluding that this court had jurisdiction over a non-party's appeal from a writ of possession that expressly authorized the non-party's removal from property that was the subject of an underlying foreclosure action); see also Tax Found. of Hawaiʻi v. State, 144 Hawaiʻi 175, 188, 439 P.3d 127, 140 (2019) (standing is a prudential consideration and not an issue of subject matter jurisdiction).

Therefore, this court has jurisdiction over Gilliam's appeal to the limited extent that Gilliam is entitled to appellate review of the Order to Sell and the Writ of Possession, which in combination expressly authorize the immediate sale of, and Gilliam's removal from, the Property. See Webb, 2019 WL 1785047, at *2.

## II. The Circuit Court Abused its Discretion in Entering the Order to Sell and the Writ of Possession

We construe Gilliam's opening brief as contending that the Circuit Court denied him due process and otherwise abused its

discretion in issuing the Order to Sell and the Writ of Possession against him, as a non-party.

In Webb, we ruled that the circuit court abused its discretion in issuing a writ of possession that expressly authorized a non-party's removal from property that was the subject of an underlying foreclosure action, where the non-party was never made a party to the action. 2019 WL 1785047, at *3. There, as here, the non-party appellant claimed an interest in the property, but the foreclosing entity never named the non-party as a defendant in the foreclosure action, and the circuit court denied the non-party's motion to intervene. We reasoned:

> "Generally, '[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" Kahala Royal Corp., 113 Hawaiʻi at 277, 151 P.3d at 758 (quoting Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969)). Further, "[i]n order for the decree of the lower court to be binding upon such [absent] persons, they must be made parties to the suit, either as plaintiffs or defendants." Haiku Plantations Ass'n v. Lono, 56 Haw. 96, 102, 529 P.2d 1, 5 (1974) (quoting Filipino Fed'n of Am., Inc. v. Cubico, 46 Haw. 353, 372, 380 P.2d 488, 498 (1963)).

Id. We concluded that, to the extent the writ of possession named the non-party in her personal capacity, "the Circuit Court erred in rendering a binding adjudication against [the] non-party, from which she was aggrieved[,]" and thus abused its discretion. Id.; see NationStar Mortgage LLC v. Balocon, No. CAAP-17-0000391, 2018 WL 3114474, at *3 (Haw. App. June 25, 2018) (holding that the trial court erred in explicitly including a non-party appellant in its order granting confirmation of sale and judgment, and issuing a writ of possession against the non-party appellant).

Similarly, here, the Writ of Possession and, by reference, the Order to Sell specifically commands the removal of Gilliam, in his personal capacity, from the Property. However, Gilliam was never made a party to the underlying foreclosure action. Applying this court's reasoning in Webb, we conclude that the Circuit Court abused its discretion in issuing the Order to Sell and the Writ of Possession against Gilliam because he was never made a party to the underlying action.

4

To the extent that Gilliam attempts to raise any other contentions regarding the Order to Sell and the Writ of Possession over which we have jurisdiction, they are difficult, if not impossible, to discern. In any event, given our disposition, we need not reach such contentions.

## III.  Conclusion

For the reasons discussed above, we vacate the "Order Granting Plaintiff Association of Apartment Owners of Kuhio Shores at Poipu's Motion for Instructions for the Receiver" and the "Writ of Possession," entered on October 2, 2019, by the Circuit Court of the Fifth Circuit. The appeal as it relates to the foreclosure action and the related appointment of the Receiver is dismissed. This case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

Further, Gilliam's October 7, 2022 request for judicial notice pursuant to Hawaiʻi Rules of Evidence Rule 201 is denied. Gilliam's April 2, 2024 motion to retain oral argument, and April 5, 2024 motion to strike Defendant-Appellee Director of Finance, County of Kauai's joinder to the AOAO's memorandum opposing Gilliam's motion to retain oral argument are also denied.

DATED:  Honolulu, Hawaiʻi, April 17, 2024.

On the briefs:

William H. Gilliam,
Self-represented Real Party in
Interest-Appellant

/s/ Clyde J. Wadsworth
Presiding Judge

Marcus A. Busekrus,
Christian P. Porter,
H. Maxwell Kopper
(Porter McGuire Kiakona, LLP)
Jeffrey H.K. Sia, and
Dorothy P.H. Meisner
(Chong, Nishimoto, Sia,
Nakamura, & Goya)
for Plaintiff/Counterclaim
Defendant-Appellee.

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge